CITY OF BARABOO and another, Appellants, vs. RAILROAD COMMISSION OF WISCONSIN and another, Respondents.

*March 9—April 3, 1928.*

*Navigable waters: Erection of dams: Control by state: Jurisdiction of railroad commission: Review of order by circuit court: Power of commission to take proof after transmittal of record: Right of defendant to present evidence.*

1. So far as the navigable rivers of Wisconsin are concerned, the state may refuse its permission to the riparian owner to build a dam and may attach conditions to its consent, such as the height, strength, mode of construction, and perhaps other conditions.  p. 525.
2. Under the Railroad Commission Act, the commission—not the courts—possesses the administrative power to make orders permitting the raising or enlarging of existing dams, the court being confined to the exercise of the judicial power of determining whether the findings of the commission are supported by proof and whether its orders are reasonable and lawful. p. 526.
3. In view of the intent of such law that all issues of fact shall be

litigated before the commission and in the absence of an express prohibition, the commission has, at all stages of proceedings before it, the power to take such proof as will enable it to fairly and justly determine the rights of all parties who come before it; and after the transmittal of the evidence taken in the circuit court, under sec. 196.44, Stats., it may take further proof on the issues involved.  p. 526.

4. In an action to set aside an order of the commission requiring a city to lower the height of its dam, now twelve and one-half feet high, which the city had raised since the passage of the Water Power Act of 1915 (Laws of 1915, ch. 380) without securing the permission of the commission as required by sec. 31.13, Stats., the exclusion of proof that in 1875 the height of the dam was fourteen feet was not error, since such proof would not establish the right of the city to maintain that head at the time the present Water Power Act was passed, in the absence of proof that it was maintained under any grant or right procured by prescription.  p. 526.

5. Under sec. 196.41, Stats., the defendants in an action in the circuit court to set aside the order of the commission in question are entitled to introduce evidence, although sec. 196.44 refers only to evidence "introduced by the plaintiff."  p. 527.

APPEAL from a judgment of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge.  *Affirmed.*

Action begun April 7, 1926, by the city of *Baraboo* against the *Railroad Commission of Wisconsin* and *George O. McArthur* to set aside an order of the *Railroad Commission* requiring the city of *Baraboo* to lower its dam in the Baraboo river.  From a judgment affirming the order of the *Commission* the city appealed.

The city of *Baraboo* raised its dam about two inches since the passage of the Water Power Act of 1915 without securing the permission of the *Railroad Commission* as required by sec. 31.13 of the Statutes.

The cause was submitted for the appellants on the brief of *V. H. Cady,* city attorney of Baraboo, and for the respondents on that of the *Attorney General* and *Suel O. Arnold,* assistant attorney general, for the *Railroad Commission,* and *Grotophorst, Quale & Langer* of Baraboo for *George O. McArthur.*

STEVENS, J.   (1)  So far as the navigable rivers of Wisconsin are concerned, "the state may refuse its permission to the riparian owner to build a dam and may attach conditions to its consent, such as the height, strength, mode of construction, etc., of the dam, and perhaps other conditions." *Water Power Cases,* 148 Wis. 124, 150, 134 N. W. 330. "If the legislature may wholly refuse permission to erect a dam or other structure in the navigable waters of the state, it follows that it may grant such permission upon such terms as it shall determine will best protect the interests of the public." *Fox River Paper Co. v. Railroad Comm.* 274 U. S. 651, 654, 655, 47 Sup. Ct. 669, 71 Lawy. Ed. 1279, 1283.

But it is contended that there is no proof which can be considered by the court to establish the fact that the Baraboo river is a navigable stream.  When the matter was first presented to the *Commission* it found that the river was not a navigable stream, basing that finding upon the fact that the stream was not meandered and that there was no proof that it was navigable in fact.

The evidence taken on the trial in the circuit court was transmitted to the *Commission* pursuant to the provisions of sec. 196.44 of the Statutes, which requires the court to transmit the evidence taken upon the trial when it is found to be different from that offered upon the hearing before the *Commission.*  While the *Commission* was considering the evidence transmitted by the court, it took further proof which established the fact that the Baraboo river at the place here in question is a navigable stream.  Objection was made to the taking of this proof on the ground that sec. 196.44 of the Statutes gave the *Commission* no power to take further proof on the ground that the statutes confined the *Commission* to a consideration of the evidence transmitted by the circuit court.  While this statute directs the *Commission* to consider the evidence transmitted, it does not in express terms prohibit the taking of further proof by the *Commission.*

The intent of the Railroad Commission Law is that all issues of fact shall be litigated before the *Commission.* This intent is manifested by the very provision here under consideration, which requires the court to stay further proceedings and transmit the evidence to the *Commission,* if it is found to be different from that presented to the *Commission.* This procedure is made necessary by the fact that the *Commission*—not the courts—possesses the administrative power to make orders which permit the raising or enlarging of existing dams. The court is confined to the exercise of the judicial power of determining whether the findings of the *Commission* are supported by proof and whether its orders are reasonable and lawful. *Chicago, B. & Q. R. Co. v. Railroad Comm.* 152 Wis. 654, 660, 661, 140 N. W. 296. In view of the legislative intent disclosed by the act and in the absence of an express prohibition, it is held that the *Commission* has, at all stages of proceedings before it, the power to take such proof as will enable it to fairly and justly determine the rights of all parties who come before it.

(2) Sec. 31.13 of the Statutes expressly provides that the orders of the *Commission* that refer to existing dams shall not "alter, abridge or nullify property rights." The city contends that it has a right to maintain a dam with a fourteen-foot head. The dam here in question is now twelve and one-half feet high. The city contends that the court was in error in refusing to receive field-notes of a survey and a profile made in 1875 and an historical sketch written about that time which tended to establish that the difference in elevation between the tail water of a dam higher up the stream and the tail water of the dam now owned by the city was approximately fourteen feet. Even if this proof had been received and it had established the fact that the dam had a head of fourteen feet in 1875, it would not establish the right of the city to maintain that head at the time the present Water Power Act was passed, because there is no proof that this

head was maintained under any grant or right procured by prescription.

(3) The city contends that the defendants in an action in the circuit court to set aside an order of the *Railroad Commission* have no right to offer proof. This contention is based upon the fact that sec. 196.44 of the Statutes refers only to evidence "introduced by the plaintiff." Other provisions of the Railroad Commission Act make it plain that it was the legislative intent that all parties to the action to review the orders of the *Commission* should have the right to fully litigate before the court all issues raised in such actions. Sec. 196.41 gives the party dissatisfied with any order of the *Commission* the right to "commence an action" to vacate and set the same aside. In such actions the defendants have the right to interpose answers and the issues raised are required to "be tried and determined as in other civil actions." Civil actions are tried and determined only after all parties are given the right to present their proof upon the issues involved in such actions.

*By the Court.*—Judgment affirmed.