CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent, vs. RAILROAD COMMISSION OF WISCONSIN and another (Intervenor), Appellants.

*September 13—October 9, 1928.*

60

For the appellant Railroad Commission there was a brief by the *Attorney General* and *Suel O. Arnold,* assistant attorney general, and oral argument by *Mr. Arnold.*

*George W. Taylor* of Kenosha, attorney for the intervening defendant Kenosha Sand and Gravel Company.

*John F. Baker* of Milwaukee, for the respondent.

STEVENS, J. (1) The pleadings allege and the proof establishes the fact that the portion of the right of way which the Railroad Commission directed the railway company to lease to the sand and gravel company has been used in the past, and will be used in the future, wholly for the purpose of conducting a private business for profit. The premises in question will not be used by the shipping public generally, nor will they be used to serve the general public for the purpose of giving access to the depot grounds or tracks of the railway company, if the lease is made.

The property of the railway company is affected with a public interest which gives the state the right to so regulate its use as to secure adequate service for the public generally. When that duty to the public has been performed, the prop-

erty of the railway company is protected by the constitutional guaranty that its property shall not be taken for private use.

The order in question and sub. (5) of sec. 195.09 of the Statutes, under which this order was entered, "was, in essence and effect, a taking of private property of the railroad corporation for the private use of the petitioners. The taking by a state of the private property of one person or corporation, without the owner's consent, for the private use of another, is not due process of law, and is a violation of the Fourteenth article of amendment of the constitution of the United States." *Missouri Pac. R. Co. v. Nebraska,* 164 U. S. 403, 417, 17 Sup. Ct. 130, 41 Lawy. Ed. 489, 495. See, also, *Ferguson v. Ill. Cent. R. Co.* 202 Iowa, 508, 210 N. W. 604, 607; *Browning v. Louisville & N. R. Co.* 213 Ky. 376, 378, 379, 281 S. W. 490.

(2) The statute being void, it conferred no power upon the Railroad Commission to direct the making of the lease in question on the ground that the refusal to make the same was an unreasonable discrimination.

(3) When the case was called for trial in the circuit court, the plaintiff railway company offered no proof. The defendants then sought to offer proof. The circuit court refused to receive this proof on the ground that sub. (4) of sec. 195.32 of the Statutes gave these defendants no right to offer proof unless the testimony was first offered by the plaintiff. This statute does not provide that the defendants may not offer proof if the plaintiff does not do so, but only that the court shall not proceed to judgment if the plaintiff offers proof which is different from that offered upon the hearing before the commission. The proceeding before the circuit court was an action which the statute required should "be tried and determined as other civil actions." Sub. (1), sec. 195.32, Stats. "Civil actions are tried and determined

only after all parties are given the right to present their proof upon the issues involved in such actions." *Baraboo v. Railroad Comm.* 195 Wis. 523, 527, 218 N. W. 819, 820.

While the circuit court was in error in not receiving the proof which the defendants desired to offer, provided such proof was competent and relevant, it seems clear that the error was not prejudicial and should not lead to a reversal, because the pleadings of the appellant and the findings of the commission establish the fact that the lease was sought for purely private purposes, which clearly brings the order and the statute under which it. was granted into conflict with the constitutional limitations imposed upon the power of the state.

*By the Court.*—Judgment affirmed.