FOX RIVER PAPER COMPANY, Appellant, vs. RAILROAD COMMISSION OF WISCONSIN, Respondent.

*March 13—April 6, 1926.*

*Appeal and error: Affirmance by divided court.*

Where the Justices of this court are equally divided in opinion on the question involved in an appeal, the judgment appealed from will be affirmed.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action was brought in the circuit court for Dane county to review an order of the *Railroad Commission.* On May 13, 1925, the plaintiff presented to the *Railroad Commission* an application for a permit to operate and maintain an existing dam constructed without legislative authority across the Fox river in the city of Appleton. The application stated the facts required to be stated under sec. 31.07, Stats., but did not contain the proposal required to be stated by sub. (3) of sec. 31.09, Stats. This provision requires the consent on the part of the applicant "that the permit, if

granted, shall be granted and accepted subject to the express condition that the state of Wisconsin, if it shall have the constitutional power, or any municipality, on not less than one year's notice, at any time after the expiration of thirty years after the permit becomes effective, may acquire all of the property of the grantee, used and useful under the permit, by paying therefor, the cost of reproduction in their then existing condition of all dams, works, buildings, or other structures or equipment, used and useful under the permit, as determined by the commission, and by paying in addition thereto the value of the dam site and all flowage rights and other property as determined by the commission prior to the time the permit was granted, as provided in subsection (1), plus the amounts paid out for additional flowage rights, if any, acquired after the valuation made by the commission as provided in subsection (1); and that the applicant waives all right to any further compensation." Because the application for the permit did not contain this proposal or consent the *Railroad Commission* dismissed the application.

The complaint in this action prayed judgment "directing the said *Railroad Commission* to take jurisdiction of said application and fix a time and place for a public hearing thereon and proceed thereon to final determination as provided by the statutes of Wisconsin."

The plaintiff claims that the provision of the statutes requiring the applicant to consent to the valuation prescribed by the statutes in the event that the property is taken over by the state or a municipality at any time after the expiration of thirty years after the permit becomes effective, is unconstitutional, and that the *Railroad Commission* had no right to require such a consent as a condition precedent to its entertaining and considering the application. The lower court held the law constitutional and rendered judgment in favor of defendant, from which judgment the plaintiff brings this appeal.

For the appellant there were briefs by *Bouck, Hilton, Kluwin & Dempsey,* attorneys, and *Moses Hooper,* of counsel, all of Oshkosh, and oral argument by *Mr. Hooper* and *Mr. E. J. Dempsey.*

For the respondent there was a brief by the *Attorney General, C. A. Erikson,* deputy attorney general, and *Suel O. Arnold,* assistant attorney general, and oral argument by *Mr. Erikson* and *Mr. Arnold.*

OWEN, J. Mr. Justice STEVENS presided at the trial of this case in the circuit court. He therefore did not participate in the consideration and decision of the case in this court. The members of the court participating are equally divided in opinion upon the question involved on this appeal. Mr. Chief Justice VINJE, Mr. Justice ROSENBERRY, and Mr. Justice ESCHWEILER are of the opinion that the judgment appealed from should be reversed. Mr. Justice DOERFLER, Mr. Justice CROWNHART, and the writer are of the opinion that the judgment should be affirmed. Under the established rule it follows that the judgment appealed from is affirmed. *Racine Auto Tire Co. v. Hansen,* 173 Wis. 118, 180 N. W. 124.

*By the Court.*—Judgment affirmed.