FOX RIVER PAPER COMPANY ET AL. *v.* RAILROAD COMMISSION OF WISCONSIN.

ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

No. 492.   Argued April 11, 12, 1927.—Decided May 31, 1927.

1. The jurisdiction of this Court to review a judgment of a state court is not affected by the circumstance that the right for which constitutional protection is claimed depends on the state law.   P. 654.

2. When there is no question of evasion of the constitutional issue furnishing the basis for review of the judgment of a state court of last resort, this Court must accept as final the rulings of that court on all matters of state law.   P. 655.

3. The nature and extent of the rights of the State and of riparian owners in navigable waters within the State, and to the soil beneath, are matters of state law to be determined by the statutes and judicial decisions of the State.   P. 655.

4. Where, by the law of the State, a riparian owner on a navigable river, though having title to the bed of the stream, can gain no right in the water power created by erecting a dam without the consent of the State, a refusal by the State to permit maintenance and repair of a dam so erected except upon conditions giving the State an option to acquire in the future, at a non-compensatory price, all the property used and useful under the permit, does not deprive the owner of property in violation of the Fourteenth Amendment.   P. 656.

189 Wis. 626, affirmed.

ERROR to a judgment of the Supreme Court of Wisconsin, which sustained, by an equally divided court, dismissal of a suit, in the nature of mandamus, to compel the Railroad Commission to issue to the plaintiffs, permits to repair and maintain a dam, under § 31.09 Wis. Stats., 1925.

*Messrs. Moses Hooper* and *Edward J. Dempsey,* with whom *Mr. John F. Kluwin* was on the briefs, for plaintiffs in error.

*Messrs. R. M. Rieser* and *Adolph Kanneberg,* with whom *Mr. John W. Reynolds,* Attorney General of Wisconsin, and *Messrs T. L. McIntosh* and *Michael J. Dunn, Jr.,* Assistant Attorneys General, were on the brief, for defendant in error.

MR. JUSTICE STONE delivered the opinion of the Court.

Plaintiffs in error are riparian owners of land bordering on the Fox River, a navigable stream. They own a dam at Appleton, Wisconsin, which has been maintained since its construction in 1878 without permission from any state authority. Since 1841 the statutes of the territory, and later of the state, have forbidden the building of a dam on any navigable river without legislative consent. Laws, 1841, No. 9; R. S. 1849, c. 34; R. S. 1858, c. 41, § 2; 1 Wis. Stat., 1898, c. 70, § 1596; 1 Wis. Stat., 1925, § 30.01 (2).

By § 31.02, Wis. Stat., 1925, the state railroad commission was given supervisory power over the navigable waters of the state, and control of the construction and maintenance of dams in navigable rivers. Section 31.07 authorizes it to grant permits to applicants to operate and maintain existing dams. By § 31.09 every applicant for a permit is required to file with his application proposals in writing, consenting, among other things, to the grant of a permit subject to the condition " that the state of Wisconsin, if it shall háve the constitutional power, or any municipality, on not less than one year's notice, at any time after the expiration of thirty years after the permit becomes effective, may acquire all of the property of the grantee, used and useful under the permit, by paying therefor, the cost of reproduction in their then existing condition of all dams, works, buildings, or other structures or equipment, used and useful under the permit, as determined by the commission, and by paying in addition thereto the value of the dam site and all flowage

rights and other property as determined by the commission prior to the time the permit was granted, as provided in subsection (1), plus the amounts paid out for additional flowage rights, if any, acquired after the valuation made by the commission as provided in subsection (1); and that the applicant waives all right to any further compensation."

Plaintiffs in error petitioned the commission for permits to maintain and repair their dam, which, they asserted, " does not materially obstruct navigation or violate other public or private rights or endanger life, health or property." The application was rejected by the commission solely for want of jurisdiction, since the applicants had omitted to file the proposals required by § 31.09. Plaintiffs brought suit in the nature of a mandamus proceeding in the circuit court of Dane County, Wisconsin, to compel the commission to take jurisdiction of the application and to proceed to a hearing. The bill drew in question the validity of § 31.09 under the due process clause of the Fourteenth Amendment, alleging that the determination of the commission acting under the statute operated to deprive plaintiffs of their property without due process of law. The commission answered, admitting the allegations of fact of the bill, setting up that plaintiffs' dam had been constructed and was maintained without a permit from the state, and that the application had been dismissed for want of jurisdiction. The trial court gave final judgment on the pleadings for defendant in error, upholding the validity of this act. The Supreme Court of Wisconsin affirmed by an evenly divided court. 189 Wis. 626. The case is here on writ of error. Jud. Code, § 237 (a), as amended.

The right set up in the bill is one under the Federal Constitution. Whether the state court denied that right or failed to give it due recognition is a question upon which the plaintiffs are entitled to invoke the judgment

of this Court. Our jurisdiction is not affected because the existence of the right for which constitutional protection is claimed depends upon state law. Cf. *West Chicago R. R.* v. *Chicago,* 201 U. S. 506; *Ward* v. *Love County,* 253 U. S. 17, 22; *Chicago, Burlington and Quincy Ry.* v. *Drainage Commissioners,* 200 U. S. 561; *Appleby* v. *City of New York,* 271 U. S. 364, 380.

Plaintiffs' case rests on the contention that by the law of Wisconsin the rights vested in riparian owners include the right to use the water power and for that purpose to dam the river, subject only to the exercise by the state of its police power to regulate the use of navigable waters in the public interest, and to protect public health and safety; that to withhold from plaintiffs, as the state does under the statute, the right to use their own property unless they agree to surrender it to the state at a price which may prove at the time of transfer to be less than its true value, is a taking of property without due process, prohibited by the Fourteenth Amendment.

We do not pass upon the sufficiency of the compensation provided for by the statute. For the purpose of decision, it may be assumed that the recapture provisions go too far, if the rights of plaintiffs are as described. Hence the point first to be determined is whether plaintiffs' description is accurate. The trial court, the only state court to express an opinion on this question, held that the right of the riparian owner to make use of the water power in a navigable river by maintaining a dam is subordinate to the plenary power of the state to regulate the use or obstruction of navigable waters; that the state may forbid all obstruction by dam or otherwise; hence, the right of the riparian owner to develop water power by the construction of the dam remains inchoate until the state has given its consent. "If the legislature may wholly refuse permission to erect a dam or other structure in the navigable waters of the state, it follows that it may

grant such permission upon such terms as it shall determine will best protect the interests of the public. The legislature could impose the condition that the dam should be removed when it obstructed navigation or that it should be removed at the end of a definite period of time, for example, thirty years."

There being no question of evasion of the constitutional issue, *Nickel* v. *Cole*, 256 U. S. 222, 225; *Union Pac. R. R.* v. *Public Service Commission*, 248 U. S. 67; *Ward* v. *Love County, supra*, 22; *Long Sault Development Co.* v. *Call*, 242 U. S. 272, this Court on writ of error must accept as final the ruling of the state court of last resort on all matters of state law. *Sauer* v. *New York*, 206 U. S. 536; *Kaukauna Co.* v. *Green Bay, &c. Canal*, 142 U. S. 254, 272, 277. Although presumptively title to the soil under navigable waters within the state is in the state, *Massachusetts* v. *New York*, 271 U. S. 65, 89; *United States* v. *Holt State Bank*, 270 U. S. 49, 54, the nature and extent of the rights of the state and of riparian owners in navigable waters within the state and to the soil beneath are matters of state law to be determined by the statutes and judicial decisions of the state. *Kaukauna Co.* v. *Green Bay, &c. Canal, supra*, 272; *Packer* v. *Bird*, 137 U. S. 661, 669; *Hardin* v. *Jordan*, 140 U. S. 371, 382; *Barney* v. *Keokuk*, 94 U. S. 324, 338. If the state chooses to resign to the riparian proprietor sovereign rights over navigable rivers which it acquired upon assuming statehood, it is not for others to raise objections. *Barney* v. *Keokuk, supra*, 338. We assume, although judicial expression is not entirely consistent, that by the law of Wisconsin, in the absence of special circumstances, title to the bed of navigable rivers is in the riparian owner. *Kaukauna Co.* v. *Green Bay, &c. Canal, supra*, 272; *Willow River Club* v. *Wade*, 100 Wis. 86, 95; *Wisconsin River Improvement Co.* v. *Lyons*, 30 Wis. 61; cf. *Merwin* v. *Houghton*, 146 Wis. 398, 409. But defend-

ant contends that in any case the rights of plaintiffs are subordinate to the state control of navigable waters, and as was held in effect by the state court in this case, the riparian owner can have no right in the water power created by damming a navigable river, so long as the state withholds its consent to the construction or maintenance of the dam. *Wisconsin River Improvement Co.* v. *Lyons, supra,* 67.

In so holding it does not appear that the court below ran counter to any established rule of property of the state. An examination of the earlier state decisions discloses no such conflict of authority or inconsistency of judicial opinion on this subject as even to suggest that the court below adopted its view in order to evade the constitutional issue. *Nickel* v. *Cole, supra.* The state's consent is necessary for the construction of a bridge or dam in a navigable river, subject to the superior power of the United States over navigation, *Barnes* v. *City of Racine,* 4 Wis. 454; *Wisconsin River Improvement Co.* v. *Lyons, supra;* and plaintiffs concede that the maintenance of a dam without such permission constitutes a public nuisance. 1 Wis. Stat., 1925, § 31.25; cf. *In re Eldred,* 46 Wis. 530. Riparian use is subject also to the public right of navigation, *Cohn* v. *Wausau Boom Co.,* 47 Wis. 314, 325; fishing, *Willow River Club* v. *Wade, supra;* and possibly to the right to establish a public water supply by damming the river. Cf. *Wisconsin* v. *City of Eau Claire,* 40 Wis. 533. That the holding below presents no novel view appears from the opinion of the Supreme Court of Wisconsin in the *Water Power Cases,* 148 Wis. 124, where the court specifically pointed out (p. 149) that neither the riparian owner nor the state could develop water power by placing a dam in a navigable river resting upon its banks without the consent of the other, and that the state might withhold its permission or grant it on conditions. Cf. *Black River Improve-*

*ment Co.* v. *LaCrosse Co.,* 54 Wis. 659; *United States* v. *Chandler-Dunbar Co.,* 229 U. S. 53.

We are not concerned with the correctness of the rule adopted by the state court, its conformity to authority, or its consistency with related legal doctrine. *Sauer* v. *New York, supra.* It is for the state court in cases such as this to define rights in land located within the state, and the Fourteenth Amendment, in the absence of an attempt to forestall our review of the constitutional question, affords no protection to supposed rights of property which the state courts determine to be non-existent.

We accept as conclusive the state court's view of the nature of the rights of riparian owners. We therefore find in the refusal of the commission to grant the permit no denial of the property rights of plaintiffs and hence no violation of the Fourteenth Amendment. Compliance with § 31.09 is the price which plaintiffs must pay to secure the right to maintain their dam. Cf. *Booth Fisheries* v. *Industrial Commission,* 271 U. S. 208.

*Judgment affirmed.*