TOFTE, by guardian *ad litem,* Respondent, vs. CROLIUS and another, Appellants.

TOFTE, Respondent, vs. CROLIUS and another, Appellants.

*May 8—October 9, 1928.*

For the appellants there were briefs by *E. D. Minahan* of Rhinelander, attorney, and *Shaw, Muskat & Sullivan* of Milwaukee, of counsel, and oral argument by *Mr. Minahan* and by *Mr. John L. Newman* of Milwaukee.

For the respondent there were briefs by *O'Melia & Kaye* of Rhinelander, attorneys, and *George E. O'Connor* of Eagle River, of counsel, and oral argument by *Mr. A. J. O'Melia.*

The following opinion was filed June 18, 1928:

ESCHWEILER, J. Defendants challenge the sufficiency of the evidence to support the findings of the jury of negligence by the defendant Crolius in the driving of his car, and the lack of contributory negligence by the two plaintiffs. An examination of the testimony convinces us, as it did the trial court, that these two matters were properly subjects for determination by the jury and that the results reached by that body cannot be properly disturbed.

There is testimony which the jury were warranted in believing showing that the defendant approached the point of intersection with his heavy car at a high rate of speed; that the plaintiffs' lighter car was approaching state trunk highway 26 on the 14 to 16 foot wide turn to the south to make the intersection from the east, at a speed variously estimated from twelve to fourteen miles per hour, and were keeping to the north of the center of said south Y or turn until just before reaching the east line of the highway on which defendant was approaching and about where they could first get a·clear view of the highway to the south, and that, seeing defendant's car so approaching, it seemed to the driver, Arthur, that it would be impossible to cross over to the west side of highway 26, and so, in the hope of avoid-

ing a collision, plaintiffs' car was turned sharply to the southeast to permit, if possible, defendant's car to sheer off to the other side and avoid a collision. It is undisputed that the left front wheel of defendant's car struck just inside of the right front wheel of plaintiffs' automobile, which then came to a stop on the west side of the state highway a short distance north from the point where it is conceded the collision occurred. Defendant's car stopped on the east side of highway 26 just south of the point where the south line of the south turn crossed the highway, with its front wheel against a small bank on the side of the highway and with its inner rear wheel about two and one-half feet from such bank.

Many suggestions are made by defendants as to the effect that should be given to the physical situations, including the evidently·short distance that defendant's car traveled after the collision; the injuries to the respective cars; and the testimony of defendant that he had slackened his speed from the thirty or thirty-five mile per hour at which he confessedly had been driving a short distance to the south until, as he was a few feet from the point of the collision, his car was almost. at a stop. All such questions, however, were proper for consideration by the jury, but we find nothing in the record upon which it can be said that any of the questions as to the negligence by the respective parties should be answered as a matter of law, other than as found by the jury. The situation of the plaintiffs here was well within the rule of the emergency doctrine as declared in *Siegl v. Watson,* 181 Wis. 619, 624, 195 N. W. 867.

The trial court admitted, over defendant's objection, the testimony of a man and wife in an automobile driving in the same direction with defendant, as to the speed with which an automobile, assumed by the questions and answers to be that of the defendant, drove past them at a point over five miles south of the point of collision and where they did not

keep such car in sight up to the point of collision. We think, under what is said in *Ronning v. State,* 184 Wis. 651, 656, 657, 200 N. W. 394, the admission of this evidence was error. But we are also satisfied that it cannot be said, in view of the other testimony and that as to alleged admissions by the defendant made shortly after the accident concerning his rate of speed, that it was such prejudicial error as requires a reversal and a new trial.

Defendants also contend that it appearing that the three brothers occupying plaintiffs' automobile were jointly interested in the trip they were taking in search for work, the jury should have been instructed that the negligence, if any, of the driver, George Tofte, should be imputed to the plaintiff Arthur. Such question, however, is now entirely immaterial in view of the fact that the jury found that there was no contributory negligence by the plaintiff George.

It is also claimed that the damages allowed are excessive. We find, however, ample support in the record for the several amounts and deem it unnecessary to discuss the matter in detail.

The defendant company was sued with the defendant Crolius as carrying a policy of insurance covering the liability of the defendant Crolius to others by reason of the operation of his automobile, the complaint asserting that by virtue of the provisions of sec. 85.25, Stats., such insurance company is liable to the plaintiffs for the negligence of Crolius and alleging that the amount of such insurance was $10,000. The defendants in each case answered jointly by the one attorney who appeared for both defendants on the trial and here. By such joint answer it was alleged that the admitted policy of insurance was limited to $5,000 for injuries to any one person, and to $10,000 for bodily injury resulting from any one accident; and further, that the policy provided that no action shall lie against said company to recover by reason of said policy unless brought after the

amount of such claim or loss shall have been fixed and rendered certain, either by final judgment against said Crolius after trial, or by agreement between the parties with the written consent of said company.

No specific objection, however, was taken at any time in the court below on any theory that the action was prematurely brought as against the insurance company (*Stephens v. Wheeler*, 193 Wis. 164, 170, 213 N. W. 464), nor was the objection raised below on behalf of the insurance company to the entry of a judgment as against it under said policy in excess of $5,000 for the personal injuries to either of the plaintiffs.

That an insurance company may properly assert under such a provision of its policy with the assured that a suit cannot be instituted against it until such conditions as therein provided have been complied with, is fully discussed and determined in the case of *Morgan v. Hunt*, decided herewith (*ante*, p. 298, 220 N. W. 224). There, however, the question was squarely and properly presented by a proper plea and before trial. A trial having been here had and the liability and amount of damages fixed, it is now too late for the insurance company to be heard on such an objection.

It is asserted that it was error to include in the judgment as against the insurance company anything in excess of $5,000 of the amount awarded for the personal injuries to the respective plaintiffs (no question being here suggested or considered as to just what is included within the term "bodily injuries" as possibly distinguishable from the various elements of damages considered by the jury in arriving at their assessment), and it being frankly conceded by plaintiffs' counsel that the judgment as against the insurance company for such excess is beyond the terms of the policy and therefore erroneous, so to that extent the judgment must be modified and judgment limited in each case as against the insurance company for $5,000 for the personal injuries and

$100 in each case for one half of the $200 damage to the automobile, in the ownership of which the plaintiffs were jointly interested.

*By the Court.*—Judgment modified as to the Northwestern Casualty & Insurance Company by reducing it in each case to $5,100. As to the defendant Crolius, judgments are affirmed. Respondents to have costs in this court.

A motion for a rehearing was denied, with $25 costs, on October 9, 1928.