HEFELE, Respondent, vs. ROTTER, Appellant.

*October 10—December 4, 1928.*

For the appellant there was a brief by *Schoetz, Williams & Gandrey,* attorneys, and *Eugene L. McIntyre,* of counsel, all of Milwaukee, and oral argument by *Mr. McIntyre.*

*L. A. Schweichler* of Milwaukee, for the respondent.

STEVENS, J. The plaintiff and the defendant were approaching each other from opposite directions. The plaintiff and two other witnesses testified that the defendant, when a short distance from the place of the collision, crossed to plaintiff's side of the road as if to go to a resort which was south of the road upon which the plaintiff was driving, and that the defendant then suddenly turned northward toward plaintiff's car and hit the same back of the right front wheel. After the collision the right side of plaintiff's car was in contact with the front of defendant's car and to the north of it.

Defendant tells a different story as to how the accident happened, but admits that his car did cross to the plaintiff's side of the road prior to the collision. After the collision the rear portion of the defendant's car was south of. the center line of the road.

On this conflicting proof the jury found that the defendant was guilty of negligence and that the plaintiff was not guilty of any want of ordinary care and assessed damages.

The proof presented an issue of fact for the jury both as to the negligence of the defendant and the contributory negligence of the plaintiff. The findings of the jury on these issues is in accord with the greater weight of the testimony and the conclusions to be drawn from the physical situation disclosed by the evidence.

Two witnesses were riding in a car that was going in the same direction as the defendant. They observed the manner in which the defendant drove his car when he was four or five miles from the place of collision and again when he was about one-half mile from that place. It is urged that it was error to permit these witnesses to testify that the defendant seemed to be sleeping or nodding and that his car was proceeding in a zigzag path. In describing defendant's manner of driving his automobile they incidentally estimated the speed at which their car and that of the defendant were going. The court ruled that this evidence was admissible as bearing on the question of whether the defendant's mind was in a normal condition before the accident and that such mental condition tended to throw light upon the question of how the accident happened. The court is not prepared to say that the reception of this evidence was error. The drowsiness that would cause defendant to permit his car to pursue an uncertain course along the road was a condition that was much more apt to continue to the point of accident than is the speed at which the car was driven four or five miles, or even half a mile, from the point of collision. In any event the proof of defendant's negligence is so clear and satisfactory that the reception of this testimony cannot be held to be prejudicial error, even if it was error to receive it. *Tofte v. Crolius,* 196 Wis. 608, 220 N. W. 225, 226.

*By the Court.*—Judgment affirmed.