BARTECK, Respondent, vs. ROTTER and another, Appellants.

*October 10—December 4, 1928.*

For the appellants there was a brief by *Schoetz, Williams & Gandrey,* attorneys, and *Eugene L. McIntyre,* of counsel, all of Milwaukee, and oral argument by *Mr. McIntyre.*

*L. A. Schweichler* of Milwaukee, for the respondent.

STEVENS, J. This case involves the same state of facts as that involved in *Hefele v. Rotter, ante,* p. 300, 222 N. W. 220, decided herewith. The plaintiff, Barteck, was a passenger in the automobile driven by Hefele, the plaintiff in that other action. The two cases were tried together. So far as the questions relating to the negligence of the plaintiff and the defendant Rotter are concerned, this case is ruled by that decision.

The case presents the further question whether the insurance carrier of the defendant Rotter, the Inter-State Exchange, could be made a party to the action against defendant Rotter under the rule of *Ducommun v. Inter-State Exchange,* 193 Wis. 179, 212 N. W. 289, 214 N. W. 616.

The members of the court participating in the decision of this case are equally divided upon the question whether sec. 85.25 of the Statutes gives the plaintiff the right to maintain this action against both the defendant and his insurance carrier, where the carrier's liability is created by an indemnity policy, as distinguished from one which imposes direct liability. Mr. Justice ROSENBERRY, Mr. Justice ESCHWEILER, and Mr. Justice OWEN are of the opinion that the judgment against the Inter-State Exchange should be reversed. Mr. Justice DOERFLER, Mr. Justice CROWNHART, and the writer are of the opinion that this judgment should be affirmed. Under the established rule it follows that the judgment against the insurance carrier is affirmed. *Fox River Paper Co. v. Railroad Comm.* 189 Wis. 626, 628; 208 N. W. 266.

*By the Court.*—Judgment affirmed.