BERGSTEIN, Respondent, vs. POPKIN and another, Appellants.

*November 10—December 9, 1930.*

626

For the appellants there were separate briefs by *Hanitch, Hartley, Johnson & Fritschler* of Superior, and oral argument by *John C. Fritschler*.

For the respondent there was a brief by *Curran & Sher* of Superior, and oral argument by *Robert E. Sher*.

Separate briefs were also filed by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and by *Joseph A. Padway* of Milwaukee, as *amici curiæ*.

ROSENBERRY, C. J. We shall first consider the question of law raised by the defendant corporation's plea in abatement. It is the contention of the defendant insurance corporation that the quoted clause of the policy operates to

defer the time of commencement of action by a party who has been damaged as against the insurer until the amount of the liability of the insured shall have been determined by a judgment in an action against the insured or by agreement of the parties. The defendant insurer does not claim that the clause in question negatives direct liability, but merely that it operates to postpone the time when suit may be begun against it upon that liability.

The defendant insurer relies upon *Morgan v. Hunt,* 196 Wis. 298, 220 N. W. 224, and *Milwaukee v. Boynton Cab Co.* 201 Wis. 581, 229 N. W. 28, 231 N. W. 597. The plaintiff, however, contends that the doctrine of those cases is modified by ch. 467 of the Laws of 1929, which amended sec. 85.25, Stats., by inserting the italicised words and which now provides:

(Sec. 85.93, Stats. 1929.) "Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following condition: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, *irrespective of whether such liability be in præsenti or contingent and to become fixed or certain by final judgment against the insured, when* caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

The question then is whether or not the introduction of the words "irrespective of whether such liability be *in præsenti* or contingent and to become fixed or certain by final judgment against the insured, when . . ." changes the rule laid down in the decisions of this court construing the section as it was prior to the amendment.

Ch. 467 of the Laws of 1929 was Bill 221 S and was identical in wording with Bill 578 A. Another Senate Bill, No. 220 S, identical with Assembly Bill 579, relating to who

may be made parties defendant, was refused passage. This bill contained the following provision:

"Sec. 260.11. Any person may be made a party defendant who has or claims an interest in the controversy adverse to the plaintiff, irrespective of whether such interest be then a present interest or a contingent interest to become fixed or certain by final judgment, as to one or more of the parties, or who is a necessary party to a full determination or settlement of the questions involved therein."

If it had been the purpose of the legislature to enact a statute which would prevent an insurer from making a contract with the insured, postponing the time when an action might be brought against it to a time when the injured party had secured judgment against the insured, or the matter had been agreed upon by the parties, it failed to use language which conveys that thought. The act which was passed— Bill 221 S—by its terms related wholly and solely to "liability," while the bill which was refused passage related distinctly to who might be made parties defendant. The legislature quite evidently was willing to make the liability of the insurer to the injured person as absolute as possible but was not willing to deprive the insurer of the right to postpone suit against it until the amount of the damage had been ascertained as provided. Important questions of policy distinguish the two situations. If the commencement of an action may not be postponed until after the primary question of liability of the insured to the injured is ascertained, insurance carriers may be placed in very difficult and embarrassing positions, as where there has been a claim of violation of the terms of the policy and other questions which may be raised as between the insurer and the insured so that it may be required to face both ways in the same action. Consideration of this and questions of like character may well have led the legislature to refuse passage to the bill known as 220 S.

Attention is also called to the fact that, when the policy was written and when the action was tried, there was in force a provision of the statutes specifically relating to the commencement of actions against insurers, sec. 201.19, which provides:

"No policy or contract of insurance shall be made, issued or delivered in this state containing any provision:

"(a) Limiting the time for beginning an action on the policy or contract to a time less than that prescribed by the statutes of limitations of this state, or specifically authorized by law.

"(b) . . .

"(c) Incorporating into the policy or contract any provision prescribing in what court any action may be brought thereon or that no action shall be brought thereon."

If a provision is to be inserted in the statutory law relating to insurance companies nullifying a clause in an insurance contract, such as that hereinbefore set out, it would seem that a change might very appropriately be incorporated in this section, but no attempt has been made to amend or modify it. The difference between liability and the matter of time when action may be begun against the insurer is clearly pointed out in *Ross v. American Employers L. Ins. Co.* 56 N. J. Eq. 41, 38 Atl. 22, at p. 23. The legislature undoubtedly made the amendment to sec. 85.25 to remove the difficulty presented by *Barteck v. Rotter,* 197 Wis. 303, 222 N. W. 221. In that case the court was evenly divided upon the question of whether or not that section gave a plaintiff the right to maintain an action against both the defendant and insurance carrier where the carrier's liability is created by an indemnity policy, as distinguished from one which imposes direct liability. The amendment sets that question at rest, but in no way affects a contract which provides that the time for the commencement of the action against the insurer shall be postponed until the damages are ascertained. The "liability" of the

insurer to the injured is fixed by the amended statute in the clearest and most positive terms, and it is considered that the legislature positively declined to proceed further.

We are urged to hold that an act of the legislature which attempts to prohibit the insertion of a clause postponing the time of action until judgment is recovered against the insured would be void on constitutional grounds. We do not rest our conclusion in this case in any respect upon the necessity of adopting a construction which would avoid constitutional difficulties, nor do we make any intimation in respect to the validity of such an act if it were adopted. From the language used in the amendment and from all the surrounding facts and circumstances we are unable to discover any purpose on the part of the legislature to prohibit such a clause being inserted by the insurer in its contracts. As has already been pointed out in previous cases, important and valuable rights are preserved to the insurer by means of these clauses. The liability being fixed, the injured party suffers no harm.

The court has been favored in this case by a brief of counsel *amicus curiæ*, in which it seems to be assumed that the court in *Morgan v. Hunt,* 196 Wis. 298, 220 N. W. 224, conferred certain favors and privileges upon insurance companies to which they are not in law entitled because the insurance corporation is, under the modern liability insurance contract, a real party in interest. This conclusion is reached, as it seems to us, because the writer approaches the question from the wrong point of view.

We shall not take the time to review the right of a third person for whose benefit a contract is made, to sue upon the contract. In the earlier history of the law it was held that, not being a party to the contract, he could not bring a suit upon it. 1 Williston, Contracts, p. 685, §§ 360, 361. Gradually the rights of the third party were enlarged, and finally in *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440,

it was held by this court that the law created the necessary privity in the third party; that the third party for whose benefit the contract was made, might therefore sue upon it; and further, that the original parties to the contract could not, by any agreement made between themselves, impair or defeat the rights of the third party. Many jurisdictions still adhere to the earlier rule. 1 Williston, Contracts, p. 694, § 368. So far as we are aware, it has never been held that a third party for whose benefit a contract was made, had any greater or more extensive right than existed by the terms of the contract, and it has been almost universally held that if the original parties to the contract reserve by the terms of the contract the right to modify it or abrogate it, such a reservation is valid and enforceable. A most common illustration is the right reserved in insurance policies for the insured to change the beneficiary. *Christman v. Christman,* 163 Wis. 433, 157 N. W. 1099. It must be remembered that in the beginning the validity of policies insuring a person against the consequences of his own wrongdoing was seriously challenged on the ground that such a contract was void and against public policy. *Goodwillie v. London G. & A. Co.* 108 Wis. 207, 84 N. W. 164; 36 Corp. Jur. p. 1059, § 9 and cases cited. After some years of experience it was perceived that the benefits of such a policy which operated to compensate the injured person on account of damages sustained by him, were not received by the injured person because by the terms of the policy such result might be defeated by the intervening bankruptcy or insolvency of the person insured.

In the exercise of the power to regulate contracts of insurance this situation was remedied by statutes which made the insurer directly liable to the injured person. These statutes supplanted provisions of the insurance contract having a contrary effect. It was the legislative purpose to insure to persons injured by the wrongful act of the insured

compensation to the extent of the insurance. The insurer might still limit the amount of its liability and prescribe the conditions upon which its liability should arise, but when the liability arose it arose directly in favor of the injured third person.

It is now contended that because of this statutory provision the insurance company, in spite of its contracts, becomes the real person in interest and may be made a party to the suit brought by the injured third person against the insured. Whether or not it is an indictment of our jury system, it is a fact recognized by every one that the purpose of making the insurance company a party defendant is to increase the award of damages made against the insured. That it has that effect, no one familiar with the trial of cases can doubt. The legislature undoubtedly was aware of that fact and so hesitated to take the next step, which would be to authorize the joining of the insured and insurer in an action brought to ascertain the liability of the insured. As already pointed out, this involves important questions of public policy, which are for the legislature and not for the courts. Taking into consideration the history of the statute, the fact that the liability arises under a contract for the benefit of a third party, and a consideration of the law in respect to such contracts, we discover no purpose on the part of the legislature to further limit the right of the insurer to prescribe the terms of its liability. It is not a question of extending favor to insurance companies—it is a question of how far the legislature has intended to limit the right of insurers to freely contract, a right which is a valuable, constitutionally protected right.

It is argued here on both appeals that the damages are excessive. Inasmuch as there must be a reversal of the judgment and a new trial will be necessary, we shall not discuss the question of damages but leave the whole matter to be determined upon another trial. The law relating to

measure of damages in cases of this kind is well established and the trial court should have no difficulty in administering it.

*By the Court.*—Judgment appealed from is reversed, and cause remanded for a· new trial as against the defendant Popkin; as to the defendant Central Surety & Insurance Corporation the judgment is reversed, with directions to dismiss the complaint as to it.

FRITZ, J.   I concur in the ultimate conclusion that the trial court committed prejudicial error in failing to sustain the plea in abatement of the Central Surety & Insurance Corporation.   However, it is sufficient for the determination of this case to base that conclusion upon the sole ground that the right to join the insurer was predicated on a policy written prior to the amendment of sec. 85.25, Stats. 1927, by ch. 467, Laws of 1929, which did not become effective until September 7, 1929.   Consequently, the statutory provision which was imported into the contract by virtue of sec. 85.25, Stats., was still the same as when it was construed in *Morgan v. Hunt,* 196 Wis. 298, 220 N. W. 224, and the rule there stated as to the effect of the so-called "no action" clause is applicable and controls in this case, which involves a policy in which the same "no action" clause is embodied.

In my opinion, the amendment in 1929 by ch. 467 was enacted for the very purpose of obviating the effect of the rule in *Morgan v. Hunt, supra.*   Its purpose was to impose upon an insurer liability which was immediately enforceable whenever injury and damages were sustained under circumstances and conditions which were within the coverage of its policy.   Irrespective of policy provisions to the contrary, so far as those who sustained such damages were concerned, the right of recovery under the policy was not to be contingent, or to be deferred until liability,

including the amount thereof, had become fixed or certain by final judgment against the assured. The language used in ch. 467, Laws of 1929, is fairly susceptible of construction consistent with that purpose, and as the statute is remedial it is to be construed liberally, to further its purpose, and thus suppress the mischief at which it was directed.

On the other hand, the failure of the 1929 legislature to also pass the bill by which it was proposed to similarly amend sec. 260.11, Stats., and which related to who could be made parties defendant in any and all kinds of actions, does not convincingly indicate that it was not the legislative intention, in amending sec. 85.25, Stats., to authorize joining as parties defendant insurers who are in the limited class affected by that statute.

At all events, I am of the opinion that judicial construction restricting the effect of the amendment by ch. 467, Laws of 1929, should be reserved until a case is presented in which the determination of the respective rights and obligations of the parties actually necessitates such construction, and parties who will be seriously prejudiced by restricted construction will have had an opportunity to be heard on the question.

I am authorized to state that Mr. Justice FOWLER joins in this opinion.