## ATLANTA, BIRMINGHAM & COAST RAILROAD CO. *v.* UNITED STATES ET AL.

No. 9. Argued October 15, 1935.—Decided November 11, 1935.

34

*Mr. Carl H. Davis,* with whom *Messrs. John A. Hynds, Robert C. Alston,* and *Wm. Hart Sibley* were on the brief, for appellant.

*Mr. Carl McFarland,* with whom *Solicitor General Reed, Assistant Attorney General Dickinson,* and *Messrs. M. S. Huberman, Daniel W. Knowlton,* and *Nelson Thomas* were on the brief, for the United States et al.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This suit, under the Urgent Deficiencies Act, October 22, 1913, c. 32, 38 Stat. 208, 219, was brought in August, 1934, by the Atlanta, Birmingham & Coast Railroad Company, in the federal court for northern Georgia, to enjoin and annul an order of the Interstate Commerce Commission dated July 9, 1934, concerning accounting. Accounting for Capital Items (In re Atlantic Coast Line R. Co. and Atlanta, Birmingham & Coast R. Co.) 201 I. C. C. 645. The United States was named as defendant; and the Commission intervened. The defendants answered. The District Court dismissed the bill. The case is here on appeal.

The plaintiff is the company formed to take over, under an order of the Commission dated December 21, 1926, the properties of the Atlanta, Birmingham & Atlantic Railway, upon its reorganization. Reorganization and Control of Atlanta, Birmingham & Atlantic Ry., 117 I. C. C. 181, 439. That order authorized the new company to issue for the properties $5,180,300 in preferred stock and 150,000 shares of no-par common stock; and authorized the Atlantic Coast Line, in consideration of the transfer to it of all the common stock, to guarantee 5 per cent. dividends on the preferred and to agree to extinguish all prior liens on the property, which aggregated $4,248,413.76. See *United States* v. *Atlanta, Birmingham & Coast R. Co.,* 282 U. S. 522.

The accounting rules promulgated by the Commission July 1, 1914, pursuant to § 20 of the Interstate Commerce Act, provide generally that the investment account shall show the "actual money costs" to the "accounting carrier"; and specifically as to Account 41, "Cost of Road Purchased":

"This account shall include the cash cost of any road or portion thereof purchased. . . . Where the consideration given for the property purchased is other than cash, such consideration shall be valued on a current cash basis."

In opening its books of account as of January 1, 1927, the company contended that the value of "Road and Equipment" must be ascertained in the usual manner; and that the value should be entered at $24,010,135.47, which amount was (with net additions made thereafter) the final single sum value of the properties as of June 30, 1914, found by the Commission in its report made in the Valuation Proceeding (75 I. C. C. 645) in 1923; and it presented to the Commission the following balance sheet:

Assets:

| | |
|---|---|
| Account 701—Road and Equipment | $24,010,135.47 |
| Other Assets | 2,698,817.73 |
| Total | $26,708,953.20 |

Liabilities:

| | |
|---|---|
| Account 751—Capital stock account: | |
| Preferred stock | $5,180,300.00 |
| Common stock | 21,528,653.20 |
| Total | $26,708,953.20 |

The Commission refused to approve the balance sheet proposed. Reorganization and Control of Atlanta, Birmingham & Atlantic Ry., 158 I. C. C. 6. It insisted that the item "Road and Equipment" be reduced to $6,729,-896.03 and that the item "Common Stock" be reduced to $4,248,413.76; and it held that these reductions were

required by the following condition incorporated in the order of December 21, 1926, which authorized the issue of the stock.

"*Provided, however,* and authority to issue said stock is granted upon the express condition, that, for the purposes of the accounting, as provided in the classification of investment in road and equipment in the text of account 41, ' Cost of road purchased,' the cash value of the preferred stock issued must, in stating the transactions in the accounts, be reckoned on a basis not in excess of its par value; and that the cash value of the common stock must be reckoned on a basis not in excess of the amount received therefor."

The company then brought the suit described in *United States* v. *Atlantic, Birmingham & Coast R. Co.*, 282 U. S. 522. The District Court sustained in that case the plaintiff's claim; but we held that its decree must be reversed and the bill dismissed for lack of jurisdiction, since no order requiring the accounting had been entered by the Commission.[1]

Thereafter, on March 26, 1932, the Commission instituted, of its own motion, an enquiry into the methods to be employed by the company in accounting for its liability for capital stock and for its investment in road and equipment. The company renewed the contentions theretofore made by it. Much evidence bearing upon the value of the properties was introduced both by it and by the Commission. On June 9, 1934, the Commission entered the order here under review, accompanied by an elaborate report. It adhered to the view that the condition contained in the order of December 21, 1926, required that the common stock liability be limited to $4,248,413.76; and the value of " Road and Equipment "

---

[1] In that case, the applicable statutes, and the Commission's rules governing the accounting involved, are set forth in detail.

be set at $6,729,896.03. But it nevertheless made a valuation of the properties based on the evidence introduced; and it added an independent ground for its decision: that, upon valuing the properties, it found that the market or fair cash value of the properties in question did not exceed the sum of $9,428,713.76, as of January 1, 1927; that sum being equal to the par value of the preferred ($5,180,300) and $4,248,413.76. The order entered required the company to state its accounts in accordance with the above findings.

The plaintiff then brought this suit, claiming that the valuation thus made by the Commission is arbitrary, unreasonable, unsupported by the evidence, and contrary to the evidence; and that it is void, among other reasons, (a) because the Commission's valuation ignores the elements of value of the property for rate-making purposes; (b) that it ignores the reproduction value of the properties; and (c) that it violates paragraph 5 (1) of § 19a of the. Act to Regulate Commerce as amended, which declares that " all final valuations by the Commission . . . shall be prima facie evidence of the value of the property in all proceedings under the Act."

The pleadings, with exhibits annexed, occupy 155 pages of the printed record in this Court; the narrative statement of the evidence 154 pages; and there are 15 other exhibits, most of them extensive. Besides, there is a stipulation of counsel by which reference may be made to much other evidence, including that in various proceedings before the Commission and in the federal courts concerning the properties now vested in the company and its relations to the Atlantic Coast Line.[2]

---

[2]Among these were Atlanta, Birmingham & Atlantic R. R. (Valuation Docket No. 1), 75 I. C. C. 645; Reorganization and Control of Atlanta, Birmingham & Atlantic Ry., 117 I. C. C. 181, 439; 158 I. C. C. 6; *Atlanta, B. & C. R. Co.* v. *United States*, 28 F. (2d) 885;

The District Court, in dismissing the bill, declared that it was unnecessary to pass upon the soundness of the ground originally taken by the Commission, since, on the evidence in the proceeding under review, it had made a valuation of the properties as of January 1, 1927; had made that valuation an independent ground of its decision and order; and had appraised the properties " at such a value as that subtraction of the par of the preferred stock gives the same figures for the common stock as were reached originally by the Commission." The Court added: " We do not discover any breach of law in arriving at the value. As a finding of fact it is binding in this court. In either view of the transaction of reorganization, the figure set up by the Commission in the attacked order is unassailable." We agree with the District Court.

This Court is without power to weigh the evidence. *Virginian Ry.* v. *United States*, 272 U. S. 658, 665. The report of the Commission (201 I. C. C. 645–671) makes it clear that there was ample evidence to support its finding and order. It appeared, among other things, that the railroad had been an enterprise peculiarly disastrous to investors; that for the period from 1916 to 1926 the operating expenses had largely exceeded the operating revenues; that the net railway operating income for the year 1926 was the highest since 1917; and that these earnings, if capitalized at 5 per cent., would indicate a value of only $2,908,300. The Commission concluded that " an immediate measure of value of the non-par stock would be the amount contemporaneously paid and agreed to be paid for it by the Coast Line Company." (201 I. C. C. 665.) In reaching its conclusion, it considered the report

---

37 F. (2d) 401; Consolidation of Railroads, 63 I. C. C. 455; Finance Docket No. 5454, I. C. C., Reorganization and Control of Atlanta, Birmingham & Atlantic Ry., decided April 9, 1928. (Not reported.)

filed in 1923 in the Valuation Proceeding, and also the evidence as to the cost of reproduction, and said: " Clearly, the only pertinent value is that for purposes of sale or exchange. Cost of reproduction is to be given little, if any, weight in determining such value, in the absence of evidence that a reasonably prudent man would purchase or undertake the construction of the properties at such a figure." (201 I. C. C. 670.)

*Affirmed.*