## NORTHERN STATES POWER CO. v. FEDERAL POWER COMMISSION.

### No. 7419.

Circuit Court of Appeals, Seventh Circuit.

Feb. 28, 1941.

A. Louis Flynn and Helmer Hansen, both of Chicago, Ill., for petitioner.

Wm. S. Youngman, Jr., Gen. Counsel Federal Power Commission, of Washington, D. C., and John C. Kelley, of Chicago, Ill., for respondent.

Before SPARKS, and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Petitioner, a Wisconsin utility corporation, seeks to have reviewed and set aside a portion of an order of the Federal Power Commission. The proceeding originated in October, 1921, when petitioner's application to have its utility project licensed in accord with the Federal Water Power Act, 16 U. S.C.A. § 791 et seq., was granted. In due course it filed its claim of "actual legitimate original cost" as provided by the statute. The Commission made determination of such cost, eliminating in its order, items aggregating $208,526.72, which petitioner had claimed as part thereof. The propriety of this portion of the order is not involved in the present review. The jurisdiction of the Commission to act and its findings in the respect mentioned are not questioned. Petitioner, however, complains of that part of the order which directed that the amount disallowed be charged off the books of petitioner, in accord with the pertinent provisions of the Uniform System of Accounts prescribed by the Commission. In other words, petitioner insists that the Commission has no power to direct that items of cost admittedly not a part of its net investment be stricken from its books of account.

■ The act contemplates construction and operation of water power projects on navigable waters or on government lands, in pursuance of a license granted by the Commission. When the statute or license is violated or a war emergency occurs or the license ends, the Government may take over a project upon reimbursement of the licensee for its net investment therein. Section 3 (13) of the act provides that "net investment" shall mean the actual legitimate original cost thereof, as defined and interpreted in the classification of investment in road and equipment, of the Interstate Commerce Commission, (issue of 1914) plus additions and betterments and less certain specified items. The act establishes terms covering amortization reserves and annual charges to be paid by the licensee, requires the latter to file a statement of the cost of the project and grants to the commission regulatory supervisory power.

There is no express statutory mandate requiring a licensee to make its books conform to the Commission's determination of actual legitimate original cost. But, in Alabama Power Co. v. McNinch, 68 App.D.C. 132, 94 F.2d 601 at 606, the court said:

"Under these provisions it is clear that the Commission has authority to determine the actual legitimate original cost of a project and to require the licensee to set up his books showing the cost as thus determined."

■ If the Commission is intelligently to exercise its extensive regulatory and supervisory power, it must have been intended that it shall have power to do everything essential to the execution of its clearly granted powers and the achievement of the purposes of the legislation. Clarion River Power Co. v. Smith, 61 App.D.C. 186, 59 F.2d 861. The provisions for determination of cost of the utility's property and regulation thereof were obviously inserted in the act in order to furnish adequate protection to the government as well as to members of the public served by the utility. It is only reasonable that, in order properly to perform its duties, the Commission may direct elimination of items found not to constitute real assets and establish uniform accounting. Such is the necessary implication of the act. 16 U.S.C. A. § 825 et seq.; Kansas City S. R. Co. v. United States, 231 U.S. 423, 440, 34 S. Ct. 125, 58 L.Ed. 296, 52 L.R.A.,N.S., 1; Norfolk & Western Ry. Co. v. United States, 287 U.S. 134, 141, 53 S.Ct. 52, 77 L.Ed. 218; Atlanta, B. & C. R. v. United States, 296 U.S. 33, 56 S.Ct. 12, 80 L.Ed. 25; Chesapeake & O. Ry. v. United States, D.C., 5 F.Supp. 7, 14.

■ Petitioner argues that the order is wholly unnecessary at the present time, for the reason that the conditions making it desirable or necessary that the government ascertain the cost have not yet arisen. We agree with Clarion River Power Co. v. Smith, 61 App.D.C. 186, 59 F.2d 861, that an interpretation of the act so as to extend indefinitely the time for action by the Commission would be unreasonable. We are impelled to this thought by the provisions

of the act contemplating exercise of constant regulatory power by the Commission.

██ It is likewise urged that to enforce the portion of the order complained of is to infringe upon the jurisdiction of the Public Utility Commission of the State of Wisconsin, which, in fixing rates, determines values, but, as the Commission itself commented, the order is in no wise binding upon the Wisconsin Commission; nor the act of the latter binding upon the former. The system of accounting prescribed by the Commission does not preclude accounting regulation by the state body. The act plainly indicates the contrary in these words, "nothing in this chapter shall relieve any public utility from keeping any accounts, memoranda, or records which such public utility may be required to keep by or under authority of the laws of any State." 16 U.S.C.A. § 825. Each commission is empowered to act within its own field.

██ Petitioner insists further that the order invades the field of management. We cannot attribute to it such significance. It merely carries to completion the statutory duty of finding the cost of construction by directing petitioner to enter upon its books the determined cost. This is not management; it is regulation by the Commission contemplated by the act. The grant of a license, being a privilege from the sovereign, can be justified only on the theory of resulting benefit to the public. The act, therefore, should receive a practical construction,—one enabling the Commission to perform facilely the duties required of it by Congress. Interstate Commerce Comm. v. Goodrich Transit Co., 224 U.S. 194, 32 S.Ct. 436, 56 L.Ed. 729; Fox River Co. v. Railroad Comm., 274 U.S. 651, 47 S.Ct. 669, 71 L.Ed. 1279; United States v. Appalachian Electric Power Co., 61 S. Ct. 291, 85 L.Ed. ——.

██ Nor does petitioner make out a case of confiscation contrary to its constitutional rights. The Commission is granted by Congress the right to determine the value of the assets. It has eliminated certain items, the validity of which elimination is not before us and must, therefore, be presumed. In other words, the items excluded are, under the finding and order of the Commission unappealed from, not properly part of the legitimate cost, not real assets. The order works no deprivation of property. It is a direction that the record shall accord with the facts. Kansas City S. R. Co. v. United States, 231 U.S. 423, 34 S.Ct. 125, 58 L.Ed. 296, 52 L.R.A., N.S., 1. In this connection petitioner relies upon New York Edison Co. v. Maltbie, 244 App.Div. 685, 281 N.Y.S. 223, and affirmance thereof in 271 N.Y. 103, 2 N.E.2d 277, where the court held that the power to compel a corporation to write off, from its book value, a loss which it had not sustained or to give up a part of its constitutional rights could not be granted by the legislature. This is sound doctrine, but the decision is not applicable to the case at bar. The record before us is devoid of evidence that the items eliminated and directed to be charged against surplus constitute actual assets. Rather the case is within American Telephone & Telegraph Co. v. United States, 299 U.S. 232, 57 S.Ct. 170, 174, 81 L.Ed. 142, affirming, D.C., 14 F. Supp. 121, where Mr. Justice Cardozo held that strike off of an amount should be approved where it appears to be a fictitious or paper increment. He distinguished the Maltbie case thus: "there was an inflexible requirement that an account * * * be written off in its entirety out of surplus, whether the value there recorded was genuine or false." On the record before us, we must accept the finding that the items eliminated represent no property right. The Commission has so held and the determination is not on review; it is binding upon us.

The order is affirmed.