## ARKANSAS POWER & LIGHT CO. et al. v. FEDERAL POWER COMMISSION.
## ARKANSAS PUBLIC SERVICE COMMISSION v. FEDERAL POWER COMMISSION.

### Nos. 10276, 10278.

United States Court of Appeals District of Columbia Circuit.

Decided Nov. 9, 1950.

P. A. Lasley, Little Rock, Ark., of the Bar of the Supreme Court of Arkansas, and A. J. G. Priest, New York City, of the Bar of the Supreme Court of New York, pro hac vice, by special leave of Court, with whom Harry A. Poth, Jr., New York City, was on the brief, for petitioners in No. 10276.

Ike Murry, Atty. Gen. of the State of Arkansas, of the Bar of the Supreme Court of Arkansas, pro hac vice, by special leave of Court, and Cecil A. Beasley, Jr., Washington, D. C., with whom H. Cecil Kilpatrick, Washington, D. C., was on the brief, for petitioners in No. 10278.

Howard E. Wahrenbrock, Asst. General Counsel, Federal Power Commission, and Reuben Goldberg, Attorney, Federal Power Commission, Washington, D. C., with whom William Bradford Ross, General Counsel, Federal Power Commision, and Howell Purdue, Attorney, Federal Power Commission, Washington, D. C., were on the brief, for respondent.

Austin L. Roberts, Jr., Washington, D. C., filed a brief on behalf of the National Association of Railroad and Utilities Commissioners as amicus curiae, urging reversal.

Before EDGERTON, WILBUR K. MILLER and PROCTOR, Circuit Judges.

EDGERTON, Circuit Judge.

The Federal Power Commission has ordered the Arkansas Power & Light Company, a licensee public utility, to record certain adjustments in its basic corporate accounts. The Company and its parent corporation, together with the Arkansas Public Service Commission, contend that because the Company is subject to inconsistent accounting requirements of the Arkansas Commission, the Federal Commission's order is invalid. The law is settled to the contrary. The Federal Power Commission's authority over accounts of its licensees covers basic accounts and does not end where State authority begins. Northwestern Electric Co. v. Federal Power Commission, 321 U.S. 119, 64 S.Ct. 451, 88 L.Ed. 596, affirming 9 Cir., 134 F.2d 740; Northwestern Electric Co. v. Federal Power Commission, 9 Cir., 125 F.2d 882; Alabama Power Company v. Federal Power Commission, 5 Cir., 134 F.2d 602; Louisville Gas & Electric Co. v. Federal Power Commission, 6 Cir., 129 F.2d 126, certiorari denied, 318 U.S. 761, 63 S.Ct. 559, 87 L.Ed. 1133, rehearing denied, 318 U.S. 800, 63 S.Ct. 768, 87 L.Ed. 1164; Northern States Power Co. v. Federal Power Commission, 7 Cir., 118 F.2d 141. "If the State, in the proper performance of its duties, wishes to require the keeping of a separate set of books no doubt it can do so." Alabama Power Co. v. Federal Power Commission, 75 U.S.App.D.C. 315, 321, 128 F.2d 280, 285-286, certiorari denied, 317 U.S. 652, 63

S.Ct. 48, 87 L.Ed. 525. Cf. Federal Power Commission v. East Ohio Gas Co., 338 U.S. 464, 476.

█ The Company very properly abandoned, on oral argument, the contention in its brief that the adjustments ordered by the Federal Commission were arbitrary and capricious, apart from their inconsistency with the order of the Ahkansas Commission. "It is not for us to determine what is the better [accounting] practice so long as the Commission has not plainly adopted an obviously arbitrary plan." Northwestern Electric Co. v. Federal Power Commission, supra, 321 U.S. at page 124, 64 S.Ct. at page 454, 88 L.Ed. 596. Pennsylvania Power & Light Co. v. Federal Power Commission, 3 Cir., 139 F.2d 445, certiorari denied, 321 U.S. 798, 64 S.Ct. 938, 88 L.Ed. 1086; Pacific Power & Light Co. v. Federal Power Commission, 9 Cir., 141 F.2d 602.

Affirmed.

WILBUR K. MILLER, Circuit Judge, dissenting.

I think the decision of the majority is incorrect for the reasons given in the opinion of this court in Arkansas Power & Light Co. v. Federal Power Commission, 1946, 81 U.S.App.D.C. 178, 156 F.2d 821. It is true that our decision in that case was reversed by the Supreme Court. Federal Power Commission v. Arkansas Power & Light Co., 1947, 330 U.S. 802, 67 S.Ct. 963, 91 L.Ed. 1261. But it was by a per curiam opinion which read: "Per Curiam. Judgment reversed on the ground that respondent has failed to exhaust its administrative remedies. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Macauley v. Waterman S. S. Corp., 327 U.S. 540, 66 S.Ct. 712 [90 L.Ed. 839]."

Following that reversal the Arkansas Power & Light Company exhausted its administrative remedies and came here with the same contentions as before. Our former decision as to the merits was not reversed and seems to me to be correct and controlling here.