## MUNAL v. BROWN.

### (Circuit Court, D. Colorado. November 30, 1895.)

SURVIVAL OF ACTIONS—TRESPASS ON THE CASE—COLORADO STATUTE.

An action for damages for personal injuries, which, under the common-law forms of procedure, would have been an action of trespass on the case, does not survive to and against executors and administrators by virtue of the statute of Colorado (Rev. St. 1868, p. 682, § 154), which provides that "all actions at law whatsoever, save and except actions on the case for slander, or libel, or trespass for injuries done to the person," shall so survive.

This was an action by Joseph Munal against Benjamin B. Brown, as administrator of the estate of Peter Gumry, deceased, to recover damages for personal injuries. Defendant demurred to the complaint. Sustained.

Wells, Taylor & Taylor, for plaintiff.

Pattison, Edsall & Hobson and Thomas Ward, for defendant.

HALLETT, District Judge. Joseph Munal, plaintiff in this suit, was injured in an explosion, which occurred in August last, in the Gumry Hotel in this city. Peter Gumry, proprietor of the hotel, was killed in that explosion, and this action is brought against the administrator of his estate to recover damages for an injury to the plaintiff. The question presented by demurrer to the complaint is whether the action may be maintained against the personal or other representative of Gumry since his decease. It is agreed on all hands that no such action can be maintained against the personal representative under the rule of the common law "actio personalis moritur cum persona." But it is claimed the action survives the death of Gumry under a statute of the late territory of Colorado first enacted in the year 1868, and since continued in all editions of the statutes of the territory and state, which reads as follows:

"All actions at law whatsoever, save and except actions on the case for slander, or libel, or trespass for injuries done to the person, and actions brought for the recovery of real estate, shall survive to and against executors and administrators." Rev. St. 1868, p. 682, § 154.

In the nomenclature of that time this suit would be called an action of trespass on the case, and the question is whether it is within the general description with which the section begins, "all

actions at law whatsoever," or within the exception as an action of "trespass for injuries done to the person." The meaning of the word "trespass" is commonly given in the language of Blackstone:

"Any misfeasance or act of one man whereby another is injuriously treated or damnified." 3 Bl. Comm. 208.

When it was considered with reference to actions and their names at the common law, it was divided into several kinds, such as trespass de bonis asportatis, trespass quare clausum fregit, trespass on the case, and the like. One kind was trespass vi et armis, which was for an injury committed with direct and immediate force or violence against the plaintiff or his property. Distinguishable from this was the form of action last mentioned, called "trespass on the case," which was applicable to those injuries which were done without force directly applied. The distinction between these forms of action was often very subtle, and the subject of much learned discussion in books of the common law. Referring to these actions Blackstone says (3 Bl. Comm. 122):

"This action of trespass, or transgression, on the case, is a universal remedy given for all personal wrongs and injuries without force, so called because the plaintiff's whole case or cause of complaint is set forth at length in the original writ. For though, in general, there are methods prescribed, and forms of actions previously settled, for redressing those wrongs which most usually occur, and in which the very act itself is immediately prejudicial or injurious to the plaintiff's person or property, as battery, nonpayment of debts, detaining one's goods, or the like, yet, where any special, consequential damage arises, which could not be foreseen and provided for in the ordinary course of justice, the party injured is allowed, both by common law and the statute of Westm. II. c. 24, to bring a special action on his own case, by a writ formed according to the peculiar circumstances of his own particular grievance. For, wherever the common law gives a right or prohibits an injury, it also gives a remedy by action; and therefore, wherever a new injury is done, a new method of remedy must be pursued. And it is a settled distinction that, when an act is done which is, in itself, an immediate injury to another's person or property, there the remedy is usually by an action of trespass vi et armis; but where there is no act done, but only a culpable omission, or where the act is not immediately injurious, but only by consequence and collaterally, there no action of trespass vi et armis will lie, but an action on the special case, for damages consequent on such omission or act."

Without pursuing the subject further, it is plain that both might be properly described as actions of trespass for personal injuries, one being used when the force was directly applied, and the other when the injury was a result, more or less remote, from the force or from the omission of some duty. It matters not that, by way of abbreviation, each name became shortened in common speech, so that trespass vi et armis was called simply "trespass," and trespass on the case was called simply "case." That was a matter of convenience only, which did not affect the character of the actions. My conclusion, therefore, is that all forms of actions for trespass for personal injuries are within the exception of the statute of 1868, including the action of trespass on the case, of which the suit at bar is an example. In a broader view, and aside from all questions of legal terminology. it is difficult to believe that the legislative assembly intended to raise a distinction between an action of trespass vi et armis, and its congener, the action of trespass on the case,

in respect to the survival of actions. Every reason which can be assigned for perpetuating one or the other of them, whether of merit in the case of the party injured, or of turpitude in the conduct of the wrongdoer, is equally applicable to both of them.

This view has been accepted in the courts of the state and by the legislative assembly. In passing Lord Campbell's act in 1872, the territorial assembly must have acted upon the theory that the right of the party injured did not survive to his personal representative under the act of 1868 (9 Sess. Laws, p. 117). It will be observed that the act of 1868 continues the right of action to and against executors and administrators in equal terms, and if, by that act, the right of action survived against the executor of the trespasser, it would survive to the executor of the party injured by the same terms, and Lord Campbell's act wrought no change in the law. Of many cases cited in argument, several support the conclusion to which we have been led, and it is believed that none are opposed. No useful purpose would be served by reviewing them at length. This action against Gumry's administrator, for an injury done to the plaintiff during the lifetime of Gumry, or at the moment of his death, will not lie, and the demurrer will be sustained.