# EDGAR CHUBBUCK v. PERCY HOLLOWAY.[1]

No. 28,210.

January 2, 1931.

[1]Reported in 234 N. W. 314, 868.

226

*Stilson & Goldberg*, for appellant.
*Lewis, Hunt & Palmer*, for respondent.

WILSON, C. J.

Plaintiff appealed from an order sustaining defendant Holloway's demurrer to the complaint. Defendant railway company has answered and is not now before the court.

Plaintiff was a passenger in an automobile operated by Hubert Holloway. In crossing a railroad track in the state of Wisconsin the driver of the automobile was killed and plaintiff was injured. Decedent was a resident of Minnesota, and Percy Holloway is now the executor of his estate, having been appointed in St. Louis county, Minnesota. Plaintiff, who was and is a resident of Minnesota, now sues both the railway company and said executor, seeking to recover for his injuries, which he claims resulted from the concurrent negligence of decedent and the railway company.

Plaintiff's alleged cause of action against the Holloway estate rests upon the Wisconsin statute, which is Wisconsin St. 1927, c. 287, § 287.01. It is pleaded in the complaint and reads:

"For wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrongdoer, an action may be brought by the executors or administrators of the person injured after his death against such wrongdoer, and, after his death, against his executors or administrators. But this section shall not extend to actions for slander or libel."

■ Under the Wisconsin statute there was a survival of liability upon the death of the wrongdoer. The fact that the statute states that it does not apply to actions for slander and libel is significant. It would seem by this exception that the statute otherwise included in "rights or interests of another" personal injury actions. See Kranz v. Wisconsin Tr. Co. 155 Wis. 40, 42, 143 N. W. 1049, Ann. Cas. 1915C, 1050; Devine v. Healy, 241 Ill. 34, 89 N. E. 251. It is not a penal statute.

■ At common law all actions ex delicto abate on the death of either party. In Minnesota we have a statute which restates the rule of the common law by saying that a cause of action arising out of an injury to the person dies with the person of either party. G. S. 1923 (2 Mason, 1927) § 9656. Our statute excepts actions for death by wrongful act, G. S. 1923 (2 Mason, 1927) § 9657. That is purely statutory.

Had plaintiff's facts originated in Minnesota they would not have been sufficient to constitute a cause of action for the simple reason that such cause of action dies with the death of the wrongdoer. But the accident having occurred in Wisconsin, the statute of that state gives the plaintiff the right to sue the representative of the estate of the wrongdoer and recover. May he prosecute in Minnesota the right given him by the Wisconsin statute? The character of the cause of action is discussed in Devine v. Healy, 241 Ill. 34, 89 N. E. 251.

■ A right of action accruing to a party under a foreign statute will as a matter of comity be enforced in the courts of this state when jurisdiction can be had and justice done between the parties if such statute be not contrary to the public policy of this state. Powell v. G. N. Ry. Co. 102 Minn. 448, 113 N. W. 1017; Healy-Owen-Hartzell Co. v. Merricourt Equity Exch. 164 Minn. 1, 204 N. W. 527.

The claim is that the Wisconsin statute comes within the inhibition of the foregoing rule on the theory that it is contrary to the public policy of this state. As here used the term "public policy" does not mean simply sound policy or good policy, but it means the law of the state, whether found in our constitution, our statutes, or our judicial records.

In Herrick v. M. & St. L. Ry. Co. 31 Minn. 11, 16 N. W. 413, 47 Am. R. 771, the plaintiff, being an employe of defendant in Iowa, was injured in that state under circumstances entitling him to recover from defendant under an Iowa statute. He could not have recovered at common law. We then had no such statute in Minnesota. We there recognized the rule that actions for personal torts are transitory and may be brought wherever the wrongdoer may be found and jurisdiction of his person can be obtained. It was held that the rights acquired under the Iowa statute, which of course had no extraterritorial force, would always in comity be enforced subject to the limitation above mentioned; and it was there said that the law of the place where the right was acquired or the liability was incurred will govern as to the right of action; while all that pertains merely to the remedy will be controlled by the laws of the state where the action is brought. The plaintiff was permitted to prosecute his action upon the theory that it was not against the public policy of this state though the laws of our state did not give such right of action. Under the common law then prevailing in this state plaintiff had no such cause of action.

The instant case can be distinguished from the Herrick case, 31 Minn. 11, 16 N. W. 413, 47 Am. R. 771, in only one important particular, namely: We now have a statute above cited in addition to but which merely restates the rule of the common law to the effect that such right of action dies with the death of the wrongdoer. In the Herrick case the plaintiff's cause of action rested upon the foreign statute. Here it does also. The statutory restatement of the rule of the common law can be given but a limited significance in establishing a public policy as compared with the public policy reflected by the judicial record in the Herrick case.

■ Is the difference between the Wisconsin statute and our law sufficient for declining jurisdiction? We think not. See Goodrich, Conflict of Laws, 196-200. Plaintiff has a cause of action under the Wisconsin statute. That right is property. He owns something. He asks us to help him get it. He is a citizen and resident of this state. Defendant is also domiciled within our borders. The property to be reached so far as we know is all in this state. Plain-

tiff should be entitled to come into the courts of his own state for redress of legal wrongs when jurisdiction may be acquired.

Relative to the enforcement of a cause of action arising under a foreign statute, the court in Loucks v. Standard Oil Co. 224 N. Y. 99, 110, 120 N. E. 198, 201, in considering the difference between the foreign law and the law of the forum, said:

"Our own scheme of legislation may be different. We may even have no legislation on the subject. That is not enough to show that public policy forbids us to enforce the foreign right. A right of action is property. If a foreign statute gives the right, the mere fact that we do not give a like right is no reason for refusing to help the plaintiff in getting what belongs to him. We are not so provincial as to say that every solution of a problem is wrong because we deal with it otherwise at home. Similarity of legislation has indeed this importance: Its presence shows beyond question that the foreign statute does not offend the local policy. But its absence does not prove the contrary. It is not to be exalted into an indispensable condition. * * * The courts are not free to refuse to enforce a foreign right at the pleasure of the judges, to suit the individual notion of expediency or fairness. They do not close their doors unless help would violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal."

Plaintiff has suffered a loss through decedent's wrongful act. The law of Wisconsin gives him a remedy. Our public policy is not such as to prompt us in turning him from our door and relegating him to a foreign state where the defendant, perchance, having no property could not be reached. Upon the record it would seem that plaintiff could never get jurisdiction in Wisconsin to enforce his demands. We should not make things better by sending him to Wisconsin where suit may be impossible. We have no desire to establish a policy that would turn the citizens of this state from our courts, which have jurisdiction, into a foreign state wherein their otherwise valuable cause of action might be worthless for want of jurisdiction. The fundamental sense of justice is per-

ceived to be that property rights shall be protected everywhere. We have, generally speaking, rather an open door policy even toward nonresidents. Boright v. C. R. I. & P. Ry. Co. 180 Minn. 52, 230 N. W. 457.

Under the Wisconsin statute plaintiff has a vested right, and the uniform interstate enforcement of vested rights is desirable. Rights and obligations arising out of a foreign transaction, tort or contract, ought to be determined by the law of the place where they arise. The public policy of the forum cannot, with any regard for logic or general principles of justice, be violated by the enforcement of a vested right created by the law of a foreign state or by the fact that the law which created it differs in respect to some debatable question of internal policy from the corresponding law of the forum. Especially is this so when there is, as here, nothing repugnant to good morals and no violation of fundamental principles of justice. While the Wisconsin statute is different from our law, it is not so hostile to the policy reflected in our statutes and judicial records as to cause us to decline jurisdiction.

Under our laws a person's property passes to his heirs upon his death, but the property so passes to the heirs subject to decedent's debts. This means all debts. We need not here concern ourselves with the details of having a claim of this character paid. The record does not advise us as to whether decedent left any creditors or whether there is more than one class within G. S. 1923 (2 Mason, 1927) § 8827. Questions incident to the distribution of the estate, including a determination as to whether a judgment rendered in an action of this character would be on a par with claims allowed in probate court, may be determined when they are reached. It is sufficient for us to say at this time that we do not find it necessary to refuse to take jurisdiction of plaintiff's cause of action on the ground that our legal machinery is unsuitable to the enforcement of plaintiff's right. That is not made to appear.

Reversed.

STONE, J (concurring).
I concur in the result.

AFTER REARGUMENT.

On February 13, 1931, the following opinion was filed:

WILSON, C. J.

In the petition for reargument, which was granted, our attention for the first time was called to the case of Lane v. Frawley, 102 Wis. 373, 78 N. W. 593, wherein it is held that Wisconsin St. 1927, c. 287, § 287.01, is not a survival statute. We readily and cheerfully yield to that holding. It follows that under § 287.01, which is the only statute pleaded in the complaint, plaintiff did not state facts sufficient to constitute a cause of action under the laws of Wisconsin. He had no cause of action under the laws of this state; hence the order of the trial court is not reversed but is affirmed.

Section 4253 of the Wisconsin statutes, being the survival statute mentioned in the Lane case, was amended by L. 1907, p. 983, c. 353, by adding thereto "for all damage done to the property, rights or interests of another." It seems that plaintiff pleaded § 287.01 when he should have pleaded the survival statute as amended in 1907 and which is now § 331.01.

This court has not considered defendant's petition for reargument in relation to the problem of conflict of laws, and therefore the opinion will be without prejudice to that question's being raised in future litigation, if any, between the parties.

Affirmed.