# JAMES A. KERTSON v. MARY JOHNSON AND ANOTHER.[1]

April 8, 1932.

No. 28,715.

[1]Reported in 242 N. W. 329.

*Neil Hughes, William E. MacGregor,* and *R. C. Andrews,* for appellant.

*Sweet, Johnson & Sands* and *Ingham, MacPhail, Blodgett & Kelly,* for respondents.

LORING, J.

The plaintiff was injured in an automobile accident in Wisconsin due to.the alleged negligence of defendant's intestate. He brought suit in Minnesota against both the personal representative of the deceased tortfeasor and the company which carried the liability insurance on the deceased's car. Both defendants demurred on the grounds that the court had no jurisdiction either of the defendants or of the subject matter and that the complaint did not state a cause of action. Both demurrers were sustained, and the plaintiff appealed.

The plaintiff has pleaded the statutes of Wisconsin relative to the operation of motor vehicles and the construction to be placed upon automobile liability insurance policies as well as to what actions survive. The pleaded statute [Wisconsin Stat. 1929] in regard to insurance reads as follows:

"85.93. Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following condition: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective of whether such liability be in praesenti or contingent and to become fixed or certain by final judgment against the insured, when caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

The statute relative to survival is as follows:

"331.01. In addition to the actions which survive at common law the following shall also survive: Actions for the recovery of personal property or the unlawful withholding or conversion thereof, for the recovery of the possession of real estate and for the unlawful withholding of the possession thereof, for assault and battery, false imprisonment or other damage to the person, for all damage done to the property rights or interests of another, for goods taken and carried away, for damages done to real or personal estate, equitable actions to set aside conveyances of real estate, to compel a reconveyance thereof, or to quiet the title thereto, and for a specific performance of contracts relating to real estate; provided this act shall have no application to pending litigation."

The questions presented are: (1) Does liability for a tort of the kind alleged survive in Wisconsin against the estate of the tortfeasor? (2) if so, can it be enforced in the courts of Minnesota, where such liability does not survive? (3) if it does so survive and can be enforced, is the insurer a proper party defendant, and does the complaint state a cause of action against it?

■ That liability for tort of this character committed in Wisconsin survives the tortfeasor's death by the law of that state seems to be well established. Had Johnson's estate been probated in Wisconsin and jurisdiction there obtained in a suit by this plaintiff on the same grounds as here alleged, there appears to be no question that the suit could have been maintained. Mesar v. Southern Surety Co. 197 Wis. 578, 222 N. W. 809, where the numerous Wisconsin cases to that effect are cited.

■ In the case of Chubbuck v. Holloway, 182 Minn. 225, 234 N. W. 314, 868, this court fully covered the question of public policy in permitting a suit here on a cause of action based upon liability surviving under the laws of Wisconsin though not under those of Minnesota, and we see no reason to change our views as there expressed.

■ The defendant administratrix earnestly contends that no jurisdiction of the estate of the deceased is obtained by process served

upon her and that there is no method under our practice of enforcing liability against such estate. We do not so regard the law. In our opinion jurisdiction of the estate for the purpose of establishing liability against it in this kind of a suit is acquired by service upon the personal representative. In cases of tort committed in this state by the deceased where the liability survives, jurisdiction is acquired by such service. In Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583, this court, speaking through Mr. Justice Mitchell, held that liability for trespass survived the death of the tortfeasor and that suit therefor might and should be brought in the district court against the personal representative of his estate without filing the claim in the probate court. The fact that the devolution of the title to decedent's estate is within the exclusive jurisdiction of the probate court does not prevent the district court from acquiring jurisdiction of the estate in a controversy of this character. Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583. We apprehend that if a trespass had been committed in Wisconsin by Johnson there would be no question but that suit against the personal representative could be maintained here, assuming that liability survives there as here for such torts. That being the case, we see no reason why our judicial machinery cannot determine and enforce liability against the estate by suit against the personal representative on a tort which survives by the substantive law of that state, the judgment, if and when recovered, to be collected as other judgments against personal representatives. Here there was a substantive right, transitory in its nature, which under the laws of Wisconsin survives the death of the tortfeasor. Such a right, like any other property right, will be enforced here by comity. Howarth v. Lombard, 175 Mass. 570, 56 N. E. 888, 49 L. R. A. 301, 304, 305. If surviving liability for tort committed in this state can be enforced and jurisdiction acquired by suit against the representative, we see no impediment to the acquisition of jurisdiction when surviving liability for tort committed elsewhere is sought to be enforced. It must be kept in mind that this is a question of survivorship of liability, not of revivor of a cause.

■ We come now to the case against the insurer. The law of Wisconsin imports into every policy of automobile liability insurance, whether written therein or not, a provision making the insurer liable directly to the injured person to the extent of the insurance for injuries for which the insured tortfeasor would be liable. Drewek v. Milwaukee Auto. Ins. Co. 207 Wis. —, 240 N. W. 881. The statute first above cited has been held to authorize a suit against the insurer alone without joinder of the insured. Elliott v. Indemnity Ins. Co. 201 Wis. 445, 230 N. W. 87. These holdings are not disturbed by the decision that this statute does not prevent the insurer from making a valid provision that no action be maintainable against it until the amount of its liability has been ascertained by judgment or agreement. Bergstein v. Popkin, 202 Wis. 625, 233 N. W. 572. The policy of insurance in the case at bar is not before us, and therefore we must decide this case upon the assumption that the "no action" provision is not in the policy. Should there be such a provision, it is a matter for the insurer to plead. The provision of the Wisconsin statute read into every policy in force in that state creates a direct liability and does not defer its enforcement. Therefore that liability will be enforced in this state, and the insurer may be joined by virtue, not of Wisconsin procedure but of the nature of the substantive liability created by the tenor of the insurance policy as provided by the law of that state. Whether or not the insurer may be joined as a party in cases arising in this state is not here involved.

The point is made that the complaint alleges a contract of indemnity not of liability. Under the Wisconsin statute that distinction is not important. In the eyes of the Wisconsin courts, the legislature of that state passed the quoted section for the very purpose of reading it into an indemnity policy as well as into a liability policy. Bergstein v. Popkin, 202 Wis. 625, 233 N. W. 572.

The orders appealed from are reversed.