No. 14,536.

CITY AND COUNTY OF DENVER ET AL. *v.* ARMSTRONG,
STATE TREASURER.
(97 P. [2d] 448)

Decided December 4, 1939.

Mr. MALCOLM LINDSEY, Mr. FRANK L. HAYS, for plaintiffs in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. ELMER P. COGBURN, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS is a proceeding under the Uniform Declaratory Judgments Act, brought by the state treasurer to determine the conflicting claims between the state and City and County of Denver, as related to liens of the state sales tax and those of general taxes on personal property. The trial court found generally in favor of the state treasurer, "declaring sales tax to be first and prior over the claim for property taxes" on personal property, attaching prior to June 4, 1937, or subsequent thereto. Reversal is sought by the city. Briefly, the facts are as follows:

One Jackson was the assignee for the benefit of creditors under a voluntary agreement of the creditors and debtors of two insolvent business firms, namely: Berk's Women Apparel Shop and Worth's Dress Shop. Simon Berk was proprietor of the Berk shop, which owed a balance of general taxes on personal property for the years 1936, 1937 and 1938 in the amount of $292.24. C. L. Mendel and L. Mendel were proprietors of Worth's Dress Shop, which owed general taxes on personal property for the years 1935, 1936, 1937 and 1938 in the amount of $590.64, a total of $882.88 for the two firms.

At the time the action was instituted the two firms, according to the returns made by them, owed $389.69 for sales taxes, which had accumulated since April, 1937. At the same time Jackson, the assignee, had on hand $472.55, representing net proceeds of the sale of the assets of the defunct firms. Since it was apparent that he did not have sufficient funds to pay both sales and property tax in full, the court was asked to declare the meaning and effectiveness of section 24, chapter 230, S. L. '37, which gives a preference to the sales tax, and which reads as follows: "The tax imposed by articles 1 to 5 of this chapter, shall be a first and prior lien upon the goods and property of any retailer, and shall take precedence over other liens or claims of whatsoever kind or nature; and any retailer who shall sell out his

business or stock of goods, or shall quit business shall be required to make out the return as provided in articles 1 to 5 of this chapter, within thirty (30) days after the date he sold out his business or stock of goods, or quit business, and his successor in business shall be required to withhold sufficient of the purchase money to cover the amount of said taxes due and unpaid until such time as the former owner shall produce a receipt from the state treasurer showing that the taxes have been paid, or a certificate that no taxes are due. If the purchaser of a business or stock of goods shall fail to withhold the purchase money as above provided and the taxes shall be due and unpaid after the thirty-day period allowed, he, as well as the vendor, shall be personally liable for the payment of the taxes unpaid by the former owner."

██ One of the contentions of the city is that this section 24 cannot have a retroactive effect unless there is an express declaration in the statutes so providing. We think that contention is sound. The trial court, in decreeing the superiority of the sales tax lien over the general tax lien on personal property attaching prior to June 4, 1937 (the effective date of the act), gave a retroactive construction to the section and thereby committed prejudicial error. It is a fundamental rule, supported by numerous decisions, that statutes are not to be construed as having a retroactive effect unless the purpose and intention of the legislature to give them a retroactive effect clearly appears. 59 C. J., p. 1159, §692. A statute creating a tax lien on property will not be enlarged by construction, nor given a retrospective operation unless plainly required by its terms. 61 C. J., p. 914, §1155. In *United States v. McPhee,* 51 Colo. 425, 118 Pac. 996, we expressly approved this rule of statutory construction, even where there is no constitutional prohibition as to such legislation. We find no language in section 24, supra, from which it appears that it was the legislative intent to make it retroactive; on the contrary, the language contained in the first paragraph of section

4 of the act of which section 24 is a part, indicates a legislative intent that it shall act prospectively only, when it authorizes levying of the sales tax from and after the effective date of the act, which, as already stated, was June 4, 1937.

In a somewhat analogous situation it was stated in *Gifford v. Callaway,* 8 Colo. App. 359, at page 366: "We simply hold that where the language is not direct, positive and specific, it cannot be held to create a lien on land for taxes which is superior to antecedent encumbrances."

Liens for the general taxes on personal property, for the years 1935 and 1936 at least, may be designated as "antecedent encumbrances," and, under the rules of statutory construction, are not affected by the "first and prior lien" created under section 24, supra.

■ Counsel for the city concede that the problem as to the general taxes on personal property for the years 1937 and 1938 may be different from that of 1935 and 1936. We think it is. We have no doubt that any lien which attached for general taxes on personal property after the effective date of the Sales Tax Act is inferior to the lien of the latter. We think the legislative intent is clearly indicated by the language in section 24, supra, making the sales tax "a first and prior lien," which "shall take precedence over other liens or claims of whatsoever kind or nature." In *Denver v. Research Bureau,* 101 Colo. 140, 71 P. (2d) 809, we held that the lien of general taxes provided by section 4, chapter 142, '35 C. S. A., "does not become effective until the property is assessed and the taxes levied, at which time the theretofore inchoate lien relates back and attaches as of April first of that year." The record is silent as to exactly when the lien of the 1937 general tax became effective.

To determine whether or not the 1937 general tax is immune from the provisions of section 24, supra, it is necessary to ascertain exactly when the property was

assessed and the tax levied. From what we have said, it follows that after the effective date of the Sales Tax Act it is immaterial when a lien to entitle it to priority attaches. That also solves the problem as to the general taxes on personal property for the year 1938.

This construction also answers any constitutional questions raised by the city, especially since it leaves untouched any pre-existing liabilities or obligations of any person to the state or city within the meaning of section 38, article V, of our state Constitution.

The Attorney General places great reliance on the case of *People v. Denver,* 85 Colo. 61, 273 Pac. 883, to sustain his contention that the trial court was correct in its conclusions. That case did not involve any retroactive phase, and the opinion primarily holds that the question of tax liens and their priority are matters for legislative determination. Nothing we say in this opinion in any way modifies our pronouncement in that case.

The judgment is reversed and the case remanded for such further proceedings as are consistent with this opinion.

Mr. Justice Francis E. Bouck not participating.