DELORES KUHNLE v. TED SWEDLUND AND OTHERS.
GRETCHEN SANDBERG v. SAME.[1]

November 2, 1945.

Nos. 34,103, 34,104.

*Bauers & Carlson,* for appellants.
*Cummins & Cummins,* for respondents.

MAGNEY, JUSTICE.

These two appeals raise the following question:

"If an injured party dies as a result of injuries negligently inflicted and the person who negligently inflicts said injuries dies, does a cause of action under the death-by-wrongful-act statute in favor of the surviving spouse and next of kin survive against the estate of the negligent wrongdoer?"

In these cases, both of the claimed wronged parties and the claimed wrongdoer were fatally injured and died in the same traffic acci-

[1]Reported in 20 N. W. (2d) 396.

dent. The trial court was of the opinion that where both the wronged party and the wrongdoer were dead a cause of action in favor of the surviving spouse and next of kin does not survive. It therefore sustained a demurrer to the complaint in each case, and plaintiffs appeal.

In order to answer the question presented, this court must give an interpretation to the language of L. 1941, c. 440 (Minn. St. 1941, § 573.01), which statute will be quoted later. Prior to the passage of that act, the pertinent part of Mason St. 1927, § 9656, the survivorship statute, read as follows:

"A cause of action arising out of an injury to the person dies with the person of either party, except as provided in § 9657."

Section 9657 is the so-called wrongful-death statute and reads in part as follows:

"When death is caused by the wrongful act or omission of any person or corporation, the personal representative of the decedent may maintain an action therefor if he might have maintained an action, had he lived, for an injury caused by the same act or omission. * * * The damages therein * * * shall be for the exclusive benefit of the surviving spouse and next of kin, to be distributed to them in the same proportion as personal property of persons dying intestate; * * *. Provided, that if an action for such injury shall have been commenced by such decedent, and not finally determined during his life, it may be continued by his personal representative for the benefit of the same persons * * *."

By L. 1941, c. 440 (Minn. St. 1941, § 573.01), Mason St. 1927, § 9656, was amended to read as follows:

"A cause of action arising out of an injury to the person dies with the person of *the* party *in whose favor it exists,* except as provided in Section 9657. *It also dies with the person against whom it exists, except a cause of action arising out of bodily injuries or death caused by the negligence of a decedent survives against his personal representatives.*"

The italicized language indicates the changes made in § 9656. Section 9657 remained unchanged.

It seems apparent to us that the legislative intent was to amend the existing law so as to permit recovery against the personal representative of a wrongdoer in cases such as we have before us. Whether the legislature chose language which adequately expresses such intent requires our consideration. Appellants claim that it did. Respondents insist that it did not.

The first sentence of L. 1941, c. 440, did not change the cause of action provided for in § 9656 so far as it pertains to the wronged party.

The trial court was of the opinion that, had the wronged party lived, his cause of action would have survived against the personal representative of the deceased tortfeasor, but that, where both the person wronged and the wrongdoer have died, an action under the wrongful-death act does not lie. The words "or death" in the statute are held to be of no effect and mere surplusage. We agree that under the amending statute a cause of action arising out of bodily injuries caused by the negligence of a decedent survives against his personal representative, and this court so stated in Eklund v. Evans, 211 Minn. 164, 300 N. W. 617. We see no reason why effect cannot also be given the words "or death" found in the same statute. The death-by-wrongful-act statute, Mason St. 1927, § 9657 (Minn. St. 1941, § 573.02), does not by its language deny recovery against wrongdoers who have died. It simply states:

"When death is caused by the wrongful act * * * the personal representative of the decedent may maintain an action therefor if he might have maintained an action, had he lived, for an injury caused by the same act or omission."

It does not by its language limit recovery against wrongdoers who are still alive. The amending statute in effect states that a cause of action arising out of bodily injury does not die with the person against whom it exists. It provides that a cause of action arising out of bodily injuries or death caused by the negligence of the decedent survives against his personal representatives. Thus, as

has been stated, the person wronged, if still alive, has a cause of action against the personal representatives of the deceased wrong-doer. If that is so, if death is caused by the wrongful act, the personal representatives of the deceased wronged party may maintain an action therefor if he, the wronged person, might have maintained an action had he lived for an injury caused by the same act or omission. Under the death-by-wrongful-act statute, if the wronged person might have maintained an action had he lived, the personal representatives of the deceased wronged person may maintain such action. And the amending statute provides that a cause of action arising out "of death" caused by the negligence of a decedent survives against his personal representatives. The only cause of action which arises out of death caused by negligence is the one which is provided for in the so-called death-by-wrongful-act statute. It seems reasonable to say that the amending statute has in mind and refers to the action provided for in the death-by-wrongful-act statute. Thus, meaning and effect are given to the words "or death," as was clearly intended.

Respondents claim that rights under the death statute arise only by reason of death itself and not until then, and that it cannot be an action which survives death, since death itself creates it. Technical use of language supports such claim.

This court has held that the death-by-wrongful-act statute creates a new cause or right of action. This view is also supported by the weight of authority. Anderson v. Fielding, 92 Minn. 42, 99 N. W. 357, 104 A. S. R. 665; Keiper v. Anderson, 138 Minn. 392, 165 N. W. 237, L. R. A. 1918C, 299; Fowlie v. First Minneapolis Trust Co. 184 Minn. 82, 237 N. W. 846, 78 A. L. R. 589. However, whether the right so created by the statute be deemed a new cause or right of action seems immaterial in this connection. As is well stated in 25 C. J. S., Death, § 23:

"Whether the cause of action under the statute is deemed a transmitted right, a survival right, or an independent cause of action, the foundation and gist of it in all cases is the wrongful act which produced the injury resulting in the death."

In Eklund v. Evans, *supra,* this court referred to L. 1941, c. 440. Respondents contend that the language used in that connection supports their view. This court there said (211 Minn. 169, 300 N. W. 620):

"* * * Subsequent to the decision below the legislature enacted L. 1941, c. 440, * * * providing in effect that a cause of action for negligence arising out of injury to the person shall survive where the tortfeasor dies, and abolishing the rule against survivorship in cases like the instant one. At least so far as concerns the question whether the rule should obtain in such cases the curtain has been rung down finally. *But the rule where the person wronged dies has been continued as it has been.* The process of piecemeal abolition of the rule thus continues. It unmistakably discloses a legislative intention that change of the rule shall be accomplished, if at all, by legislative action." (Italics supplied.)

Respondents base their contention on the sentence in italics. As a matter of fact, the rule as to the person wronged was not changed by the amendment. The rule where the wrongdoer dies was changed by the amending statute. That aside, if the language in question could or should bear the interpretation claimed by respondents, we are holding that where both the wronged person and the wrongdoer die an action survives against the personal representatives of the wrongdoer.

Neither do we agree with respondents that the amendment is unconstitutional in that it offends against Minn. Const. art. 4, § 27, which provides:

"No law shall embrace more than one subject, which shall be expressed in its title."

The title to L. 1941, c. 440, reads:

"An act relating to survival of causes of action arising out of injuries to the person, and to amend Mason's Minnesota Statutes of 1927, Section 9656."

This court passed upon this question recently in the case of City of Duluth v. Cerveny, 218 Minn. 511, 16 N. W. (2d) 779. In a city

ordinance there was a provision for forfeiture of liquor seized following as an incident of conviction. No reference to seizure of liquor was found in the title. The court said (218 Minn. 522, 16 N. W. [2d] 785):

"Defendant contends that, because the title is silent as to search, seizure, and forfeiture, it does not conform to the charter or constitutional requirement. Under a constitutional requirement that the subject of an enactment shall be expressed in its title, the rule, applicable generally to other statutes, is applied to liquor statutes. 30 Am. Jur., Intoxicating Liquors, § 46. The title is not designed as an index of the law; a fair suggestion of the subject matter is all that is necessary. Sverkerson v. City of Minneapolis, 204 Minn. 388, 283 N. W. 555, 120 A. L. R. 944, *supra.*"

The title here is sufficient under that rule to meet the constitutional requirement.

It is our opinion that the court erred in sustaining the demurrers, and the orders are reversed.

Orders reversed.