CARL ALLEN, JR., v. WILLIAM NESSLER.

76 N. W. (2d) 793.

May 4, 1956—No. 36,752.

*Gordon Rosenmeier* and *John E. Simonett,* for appellant.
*Stone, Manthey & Carey* and *Paul Q. O'Leary,* for respondent.

KNUTSON, JUSTICE.

The facts in this case are not in dispute. On July 2, 1952, Wayne W. Nessler was driving his automobile in Colorado. Plaintiff was riding with him as a passenger. There was an accident in which Nessler died and plaintiff was injured. At the time of the accident Nessler was a resident of Minnesota. Plaintiff brought this action in Minnesota against the administrator of Nessler's estate for the recovery of damages for personal injuries suffered as a result of the alleged negligence of defendant's decedent. In his complaint plaintiff pleaded the Colorado statute (1935 Colorado Stat. Ann. c. 176, § 247). Defendant admitted the existence of the statute but alleged that thereunder the cause of action did not survive the death of Nessler. On motion of defendant, the court granted summary judgment. The appeal is from such judgment.

Two questions are presented for our decision: (1) Does an action for personal injuries sustained as a result of the negligent operation of an automobile in Colorado survive the death of the tortfeasor under the law of that state? (2) If it does not so survive, may the action nevertheless be maintained in Minnesota?

■ Plaintiff contends that under the law of Colorado an action for personal injuries now survives the death of the wrongdoer. To support this contention he relies on Fish v. Liley, 120 Colo. 156, 208 P. (2d) 930. We do not think this case so holds. If survival exists, it must be by virtue of the statutes of Colorado as construed by the courts of that state. The only statute under which it could be found is 1935 Colorado Stat. Ann. c. 176, § 247, which reads:

"All actions in law whatsoever, save and except actions on the case for slander or libel, *or trespass for injuries done to the person,* and actions brought for the recovery of real estate, shall survive to and against executors, administrators and conservators." (Italics supplied.)

That statutory provision has remained substantially the same since its early enactment in 1868.[1] In Letson v. Brown, 11 Colo. App. 11, 52 P. 287, the Colorado court held that under this statute

[1]See, Gray v. Blight (10 Cir.) 112 F. (2d) 696.

an action for personal injuries resulting from the explosion of a boiler did not survive the death of the tortfeasor. In that case the court exhaustively considers the reasons for the rule.

In Mumford v. Wright, 12 Colo. App. 214, 218, 55 P. 744, 746, the court, in commenting on the above case, said:

"* * * It will be readily seen that the chief difficulty lies in determining the exact meaning of the words, 'trespass for injuries done to the person.' In a recent case, this court in construing this section held that these words as there used could not be construed to mean only trespass *vi et armis,* but that the exception embraced also torts for which trespass on the case must have been brought. Letson v. Brown, 11 Colo. App. 11. We now go further, and hold that the words were intended to embrace and do embrace all actions for personal torts, unless specially provided otherwise by statute."

Similarly, in Munal v. Brown (C. C. D. Colo.) 70 F. 967, the circuit court for the district of Colorado in this early case held that a cause of action for personal injuries did not survive the death of the tortfeasor under the Colorado statute.

The Colorado law was exhaustively reviewed in Gray v. Blight (10 Cir.) 112 F. (2d) 696, in an action involving injuries arising out of an automobile collision. The collision occurred in Nevada. Under the law of Nevada the cause of action survived the death of the wrongdoer. The action was brought in Colorado, and the court held that Colorado law does not permit the cause of action to survive the death of the tortfeasor; consequently that the action could not be maintained.[2]

In the case of Fish v. Liley, 120 Colo. 156, 208 P. (2d) 930, plaintiff's husband, Thomas G. Fish, was a passenger in an automobile

---

[2]The court there apparently followed the rule that the cause of action must survive both under the lex loci and lex fori and that, even though the action survived under the law of Nevada where the accident occurred, it still could not be prosecuted in Colorado because, under the law of that state, the action did not survive. Our decisions are contra in that, if the action survives under the lex loci, it could be prosecuted here even though it did not survive under our law.

driven by one Liley in Colorado when it collided with an automobile driven by one Drennan. Both Fish and Drennan died as a result of the collision. Plaintiff, the widow of Fish, brought the action against Liley and the administratrix of the estate of Drennan for the wrongful death of her husband. The Colorado wrongful death statute (1935 Colorado Stat. Ann. c. 50, § 2) read as follows:

"Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the party injured."

Basing its decision on the fact that an action for wrongful death under the above statute is not a survival of the action for personal injuries of the deceased injured person but is a separate cause of action created by statute,[3] which is not excluded in the survival statute (1935 Colorado Stat. Ann. c. 176, § 247), the court held that the action was maintainable in the State of Colorado. With respect to the nature of the action, the court said (120 Colo. 165, 208 P. [2d] 934):

"Our survival statute, section 247, chapter 176, '35 C. S. A., provides, 'All actions in law whatsoever' shall survive except those specifically mentioned in the exceptions contained in the statute. Plaintiff's action *is not one for injuries to the person,* and accordingly survives the death of Drennan and can be maintained against his legal representatives." (Italics supplied.)

While some of the language used by the court in the Fish case would appear to support a view contrary to the earlier Colorado decisions, the court does not discuss those decisions, much less overrule them.

---

[3]We follow the same rule. Kuhnle v. Swedlund, 220 Minn. 573, 20 N. W. (2d) 396.

With respect to the survival of actions *for personal injuries,* the court said (120 Colo. 163, 208 P. [2d] 934) :

"* * * Admittedly any action by Fish against Drennan would be an action for injuries done to the person and would not 'survive' the death of Drennan."

The Colorado statute was amended by Colorado L. 1955, c. 327. Under that amendment, tort actions for personal injuries do now survive. The act became effective April 15, 1955. It reads as follows:

"All causes of action, except actions for slander or libel and actions brought for the recovery of real estate, shall survive and may be brought or continued notwithstanding the death of the person in favor of or against whom such action has accrued, but punitive damages shall not be awarded nor penalties adjudged after the death of the person against whom such punitive damages or penalties are claimed; and in tort actions based upon personal injury, the damages recoverable after the death of the person in whose favor such action has accrued shall be limited to loss of earnings and expenses sustained or incurred prior to death, and shall not include damages for pain, suffering or disfigurement, nor prospective profits or earnings after date of death. An action under this section shall not preclude an action for wrongful death under Article 1, Chapter 41, Colorado Revised Statutes 1953. *Any action under this section may be brought, or the court on motion may allow, the action to be continued by or against the personal representative of the deceased. Such action shall be deemed a continuing one, and to have accrued to or against such representative at the time it would have accrued to or against the deceased, if he had survived.* If such action is continued against the personal representative of the deceased, a notice shall be served on him as in cases of original process, but no judgment shall be collectible against a deceased person's estate or personal representative unless a claim shall have been filed within the time and in the manner required for other claims against an estate." (Italics supplied.)

In a supplement to plaintiff's brief, filed after oral argument, which we have consented to consider together with his brief, plaintiff contends that this amendment should be given retroactive effect. His argument is:

"The question will be: 'Does that statute include a cause of action which accrued against a tort feasor, since dead, before its enactment?' By the terms of the law the answer is affirmative. It is explicit in that respect. *It expressly provides that a cause of action against a representative is deemed to have accrued against him at the same time as it accrued against the deceased tort feasor, and to have continued.*"

Colorado, by its decision law, follows the rule that acts of its legislature are not retroactive unless expressly made so.[4] Minnesota follows the same rule of construction by virtue of statute.[5]

We hesitate to say what the legislature of Colorado intended by the language it used, but, in the absence of a construction of the statute by the Colorado court, it becomes necessary for us to do so. It seems clear to us that the part of the statute relied upon by plaintiff was not intended to make the amendment retroactive. Counsel for plaintiff attempts to paraphrase part of the amendment. The entire portion italicized above must be read together, and, when so read, we cannot agree that it should be given the meaning plaintiff urges us to adopt.

Furthermore, the case of Meffley v. Catterson, 132 Colo. 222, 287 P. (2d) 45, was decided by the Colorado court on August 8, 1955. A rehearing was denied on August 22, 1955, both of which are subsequent to the effective date of Colorado L. 1955, c. 327. That case involved an action for damages against a physician for malpractice based on negligence. The alleged negligence occurred in 1929. The action was commenced by the filing of the complaint on July 22, 1953, against the doctor and a hospital association. The doctor

---

[4]Edelstein v. Carlile, 33 Colo. 54, 78 P. 680; City and County of Denver v. Armstrong, 105 Colo. 290, 97 P. (2d) 448; McCowan v. Equitable L. Assur. Society, 116 Colo. 78, 179 P. (2d) 275.

[5]M. S. A. 645.21.

answered, denying negligence and setting up the statute of limitations as a bar to plaintiff's action. The doctor died on October 17, 1954, and thereupon the trial court dismissed the action as to him. The Colorado court held that the applicable statute did not provide for a survival of the action. The court said (132 Colo. 224, 287 P. [2d] 46):

"We hold that the claim stated in the complaint for which damages are sought by both plaintiffs are for injury to the person of Mrs. Meffley, and sound in tort. Since such injury did not survive the death of the defendant the judgment [dismissing the action] should be, and is, affirmed."

The court cited and followed its old decisions of Letson v. Brown, 11 Colo. App. 11, 52 P. 287, and Mumford v. Wright, 12 Colo. App. 214, 55 P. 744, and the case of Munal v. Brown (C. C. D. Colo.) 70 F. 967. The facts in the above case are even stronger for construing the amendment to be retroactive than they are in the case now before us, for the reason that in the above case the action actually had been commenced and answer served by the alleged tortfeasor prior to his death.

It is true that the Colorado court in the above case did not mention Colorado L. 1955, c. 327, in its opinion. It must, however, be assumed, in the absence of a showing that it was overlooked, that the Colorado court was familiar with its own statutory law and that failure to mention the amendment was due to the fact that the law was not retroactive; consequently, that it was inapplicable to the facts of that case and that there was no occasion to discuss it.

It must follow that, prior to the amendment of its statute in 1955, a cause of action for personal injury did not survive under the law of the State of Colorado.

■ Had the accident occurred in Minnesota the cause of action would have survived under M. S. A. 573.01.[6] The determinative

_____

[6]"A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, except as provided in section 573.02. It also dies with the person against whom it exists, except a cause of action arising out of bodily injuries or death caused by the negligence of

question presented for our decision, therefore, is this: Where personal injuries are sustained as the result of an automobile collision which occurred in Colorado, may an action be commenced and prosecuted in Minnesota by the injured person against the administrator of the deceased tortfeasor, where such action does not survive the death of the tortfeasor under the laws of Colorado but does survive under the laws of Minnesota, in cases where no action has been brought prior to the death of the tortfeasor?

Plaintiff contends (1) that this is an open question in Minnesota, and (2) that the weight of authority permits such action and that we should therefore adopt the rule permitting it.

An examination of our cases discloses that we have not had occasion to pass upon the precise situation now before us. Herrick v. Minneapolis & St. L. Ry. Co. 31 Minn. 11, 16 N. W. 413, did not involve the question of survivability. In that case the Iowa statutes created a right of action for employees of railroads for injuries caused by the neglect of agents or the mismanagement of engineers or other employees. Plaintiff was injured in an accident which would have permitted such action in the State of Iowa. The action was brought here. We had no similar statute. The question involved was whether, under these circumstances, an action for damages could be maintained in our courts. We held that it could. As to the governing law, we said (31 Minn. 13, 16 N. W. 413):

"* * * Whenever, by either common law or statute, a right of action has become fixed and a legal liability incurred, that liability, if the action be transitory, may be enforced, and the right of action pursued, in the courts of any state which can obtain jurisdiction of the defendant, provided it is not against the public policy of the laws of the state where it is sought to be enforced. * * *

"* * * In such cases the law of the place where the right was acquired, or the liability was incurred, will govern as to the *right*

---

a decedent survives against his personal representatives. All other causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former and against those of the latter."

*of action;* while all that pertains merely to the *remedy* will be controlled by the law of the state where the action is brought. And we think the principle is the same, where the right of action be *ex contractu* or *ex delicto.*"

In refusing to follow Anderson v. Milwaukee & St. P. Ry. Co. 37 Wis. 321, we said in the Herrick case (31 Minn. 15, 16 N. W. 415):

"* * * But with due deference to that court, and especially to the eminent jurist who delivered the opinion in that case, we think they entirely failed to distinguish between the *right of action,* which was created by the statute of Iowa and must be governed by it, and the *form of the remedy,* which is always governed by the law of the forum, whether the action be *ex contractu* or *ex delicto.* It is elementary that the remedy is governed by the law of the forum, and this is all that is held by any case cited by the court in support of their opinion."

In Chubbuck v. Holloway, 182 Minn. 225, 234 N. W. 314, 868, plaintiff was a passenger in an automobile operated by one Holloway. In crossing a railroad track in the State of Wisconsin, the driver of the car was killed and plaintiff was injured. Decedent was a resident of Minnesota, as was plaintiff. Under the laws of Wisconsin the cause of action survived. Under the then law of Minnesota, it did not. We held that, under these circumstances, the action could be maintained here against the executor of decedent's estate.[7] We cited and followed Herrick v. Minneapolis & St. L. Ry. Co. *supra,* apparently on the theory that the statute of Iowa in the one case and the statute of Wisconsin in the other created the right of action and that the applicable rules with respect to the right to maintain the action were the same. We said in the Chubbuck case (182 Minn. 227, 234 N. W. 315):

"Had plaintiff's facts originated in Minnesota they would not have been sufficient to constitute a cause of action for the simple reason

---

[7]This case was reversed on rehearing on the ground that plaintiff had not pleaded the right Wisconsin statute. See, Chubbuck v. Holloway, 182 Minn. 231, 234 N. W. 868.

that such cause of action dies with the death of the wrongdoer. But the accident having occurred in Wisconsin, the statute of that state gives the plaintiff the right to sue the representative of the estate of the wrongdoer and recover. * * *

"A right of action accruing to a party under a foreign statute will as a matter of comity be enforced in the courts of this state when jurisdiction can be had and justice done between the parties if such statute be not contrary to the public policy of this state."

In Kertson v. Johnson, 185 Minn. 591, 242 N. W. 329, 85 A. L. R. 1, the facts are similar to those in the Chubbuck case. There, too, the injuries arose out of an accident in Wisconsin. We still did not have a survival statute. We held that the action could be prosecuted here.

In In re Estate of Daniel, 208 Minn. 420, 294 N. W. 465, Dorothy Phillips and Chester T. Daniel were both residents of Minnesota. While Dorothy was riding with Daniel in the State of Iowa, a collision occurred as the result of which Daniel was killed instantly and Dorothy died shortly afterward from injuries which she sustained. Dorothy's parents consulted a Minnesota attorney and were advised that the cause of action did not survive, the attorney apparently relying upon the existing law in Minnesota. At that time the action did survive under the laws of Iowa but not under the laws of Minnesota. Later, Dorothy's mother learned that the action did survive under Iowa law, but in the meantime the two-year statute of limitations in Iowa had run against it. The action was brought in Minnesota, and we held that the six-year statute of limitations of this state governed as to the time within which the action could be brought. In distinguishing between the statute of limitations and the rule of survivability of an action, we said (208 Minn. 425, 294 N. W. 468):

"It is elementary that the *lex loci* governs in all matters relating to the right and the *lex fori* in all matters relating to the remedy. In the last analysis the applicability of the Iowa statute of limitations depends on whether it relates to the one or to the other.

*"Survivability of a cause of action relates to the right* and is governed by the law of the place where the act occurred upon which the right or liability rests. *The law of Iowa that a cause of action against the tort-feasor survives governs.* The right of action based on the Iowa survival statute may be enforced in this state as a matter of comity although we do not have a similar statute. Chubbuck v. Holloway, 182 Minn. 225, 234 N. W. 314, 868; Kertson v. Johnson, 185 Minn. 591, 242 N. W. 329; Brown v. C. & N. W. Ry. Co. 129 Minn. 347, 152 N. W. 729 (Iowa statute); Restatement, Conflict of Laws, § 390. Conversely, it is held under the rule that where the cause of action does not survive under the law of the place where the wrongful injury was caused, no action may be maintained *although under the law of the forum such actions do survive.* Ormsby v. Chase, 290 U. S. 387, 54 S. Ct. 211, 78 L. ed. 378, 92 A. L. R. 1499; Friedman v. Greenberg, 110 N. J. L. 462, 166 A. 119, 87 A. L. R. 849.

\*    \*    \*    \*    \*

"The limitation of time within which an action may be brought relates to the remedy and is governed by the law of the forum. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 1546." (Italics supplied.)

It is apparent, therefore, that the cases we have heretofore decided involved a situation exactly opposite from the one now before us. In other words, they all involve situations in which the cause of action survived or was created under the law of the place where the action arose but did not survive or exist under our law. In this case, the cause of action did not survive under the law of the place where it arose but did survive under our present statute.

Plaintiff contends that different rules of law should apply under these two situations. He relies on Grant v. McAuliffe, 41 Cal. (2d) 859, 264 P. (2d) 944, 42 A. L. R. (2d) 1162.[8] In that case plaintiff

---

[8]This case is quite exhaustively reviewed in an article by Jay L. Shavelson, Deputy Attorney General of California, in 42 Calif. L. Rev. 803. He notes that in the situation we now have before us that case probably stands alone. The following statements are enlightening:

"\* \* \* American courts have applied the *lex loci* consistently in only one

was riding in a car driven by one Jensen. It collided with a car driven by Pullen in the State of Arizona. Pullen died 19 days later and before any action had been commenced against him. Plaintiff and Pullen were both residents of California. Suit was brought in California against the administrator of Pullen's estate. The trial court granted a motion to abate. Under the laws of California the action survived the death of the tortfeasor, but under the laws of

class of cases: those in which survival was not permitted under the *lex loci* and action had not been instituted before death. * * *

\* \* \* \* \*

"The recent California case of Grant v. McAuliffe [41 Cal. (2d) 859, 264 P. (2d) 944] stands virtually alone in characterizing the issue of survivorship itself as one of procedure governed by the *lex fori*. This characterization, in the face of almost universal statements to the contrary on the part of courts and writers, was apparently the only available method of justifying the desired result without expressly discarding existing theory. The court recognized the variable content of the concepts of 'substance' and 'procedure' and therefore did not feel prevented by contrary authority from characterizing this issue as procedural.

\* \* \* \* \*

"\* \* \* The principal justification for applying the *lex fori* was a characterization of the issue of survival as one of procedure, rather than substance. It was asserted that survival statutes, unlike wrongful death statutes, merely prevent the abatement of existing causes of action and do not create new substantive rights. Although the court had ample authority for applying the *lex fori*, this decision seemingly stands alone in *granting* recovery under the *lex fori* where litigation had not commenced before the death of a party."

In summarizing a study of the cases, the author said:

"\* \* \* The results actually reached in judicial decisions may be summarized as follows:

"a. Where there is a statute permitting survival in *L* [*lex loci*] and none in *F* [*lex fori*], the cases are about evenly divided as to the allowability of recovery.

"b. Where *F* allows survival and *L* does not, and *where action has been instituted before death,* nearly all modern courts have allowed recovery.

"c. Where *F* allows survival and *L* does not, and *where action has not been instituted before death,* modern courts have generally denied recovery." (Italics supplied.)

For a criticism of the decision, see 1 U.C.L.A. L. Rev. 380.

Arizona it did not.[9] The Supreme Court of California, after exhaustively reviewing the authorities, by a four to three decision, concluded that survival statutes are similar to statutes of limitation and are procedural; hence that they are governed by the law of the forum, which is directly contrary to what we held in In re Estate of Daniel, 208 Minn. 420, 294 N. W. 465.

Plaintiff now contends that the weight of authority is in harmony with the decision in the California case.

As far as we can find, Restatement, Conflict of Laws; all text writers of any eminence;[10] authors of annotations;[11] and certainly the numerical weight of decided cases are contrary. The rule is stated in Restatement, Conflict of Laws, § 390, as follows:

"Whether a claim for damages for a tort survives the death of the tortfeasor or of the injured person is determined by the law of the place of wrong."

The question involved here is not to be confused with the revival of a cause of action where it has been commenced prior to the death of the tortfeasor; nor should it be confused with actions brought under wrongful death statutes.[12]

While there is much to be said from a standpoint of equity in applying the law of the forum to the facts in this case, such rule may work both ways. In another case the situation may be reversed, as it was in our former cases. Are we then to hold that the question

[9]Gustafson v. Rajkovich, 76 Ariz. 280, 263 P. (2d) 540, 40 A. L. R. (2d) 520. The statute in Arizona also was amended in 1955 so as to provide for survival of such actions. Arizona L. 1955, c. 88. The act was not retroactive. Rodriquez v. Terry, 79 Ariz. 348, 290 P. (2d) 248.

[10]2 Beale, Conflict of Laws, § 390.1; 'Goodrich, Conflict of Laws (3 ed.) § 101 (citing in support Chubbuck v. Holloway, 182 Minn. 225, 234 N. W. 314, 868) ; 2 Wharton, Conflict of Laws (3 ed.) § 480f.

[11]1 Am. Jur., Abatement and Revival, § 157 (citing in support Kertson v. Johnson, 185 Minn. 591, 242 N. W. 329, 85 A. L. R. 1) ; 1 C. J. S., Abatement and Revival, § 135 (citing in support Chubbuck v. Holloway, 182 Minn. 225, 234 N. W. 314, 868, and In re Estate of Daniel, 208 Minn. 420, 294 N. W. 465) ; Annotations, 87 A. L. R. 852, 92 A. L. R. 1502, 42 A. L. R. (2d) 1170.

[12]See, for instance, Kuhnle v. Swedlund, 220 Minn. 573, 20 N. W. (2d) 396; Annotation, 17 A. L. R. (2d) 690.

involves procedure only and that the action could not be maintained because the law of the forum forbids it even though the lex loci permits it? It seems to us that we are already committed to the rule that the law of the place where the cause of action arose governs and that this rule is in harmony with the great weight of authority and should be adhered to. It follows that, inasmuch as the cause of action did not survive under the law of Colorado as it existed when the action arose and the right to maintain the action is governed by the law of that state, the action may not be maintained here.

Affirmed.