UNITED STATES of America,
Plaintiff,

v.

Howard ELLIOTT and The Board of County Commissioners of the County of Routt, State of Colorado, Defendants.

Civ. A. No. 7509.

United States District Court
D. Colorado.

Oct. 3, 1962.

Lawrence M. Henry, U. S. Atty. for District of Colorado, James A. Clark, Asst. U. S. Atty. for District of Colorado, Denver, Colo., John C. Banks, Regional Atty., Robert L. Johnston, Attorney, Office of General Counsel, U. S. Department of Agriculture, Denver, Colo., of counsel, for plaintiff.

Charles K. Cranston, Steamboat Springs, Colo., for defendant Board of County Com'rs of Routt County, Colorado.

DOYLE, District Judge

The complaint seeks the recovery of $203.69 from defendant Howard Elliott, who holds this sum of money as a stakeholder as between the plaintiff and the County Commissioners of Routt County, Colorado.

Elliott was the clerk at a sale of personal property on which the United States held chattel mortgages. The County Commissioners of Routt County have asserted a claim to the sum which is being held, claiming it by virtue of the county's personal property tax lien against the property which was sold. The facts have been stipulated.

From the stipulation it appears that on October 15, 1959, there was a sale of property subject to the chattel mort-

gages. The ad valorem personal property taxes had been duly assessed and levied by the appropriate county commissioners of Routt County for the years 1957, 1958 and 1959 on the property which was sold. The liens of the chattel mortgage had taken hold prior to the tax liens provided by statute. The chattel mortgages were executed in connection with loans made through the Farmers Home Administration. It is also stipulated that the demand for payment of the personal property taxes claimed by the defendant Board of County Commissioners of Routt County, was made by the taxing officials prior to the distribution of proceeds.

The question for decision is whether a party who holds a recorded chattel mortgage prior in time to a personal property tax lien is entitled to preference with respect to funds realized from the liquidation of the mortgaged property as against a county which holds a personal property tax lien granted by state law.

The contention of the United States is that a tax lien is not superior to an antecedent encumbrance unless the legislature has granted priority to the tax lien and has done so in clear, unambiguous terms; the applicable statute has not, so the argument goes, granted any such preferential right.

The Board of County Commissioners maintains that the tax lien takes priority regardless of whether the legislature has specifically provided for such priority.

The statute which is here pertinent, C.R.S.1953, 137–9–12(1) provides:

"All taxes levied or assessed upon personal property of any kind whatsoever shall be and remain a perpetual lien upon the property so levied upon, until the whole amount of such tax is paid; * * *."

The counterpart statutory provision pertaining to taxes levied upon real estate, C.R.S.1953, 137–1–3, in fact grants a priority. It uses the word "perpetual" as does 137–9–12, but it further declares: "and such liens shall have priority over all other liens." Thus, the Colorado General Assembly has expressed intent to grant a priority in respect to real estate tax liens and has not granted such priority in connection with personal property tax liens.

Other decisions of the Colorado Supreme Court refused to recognize the priority of a tax lien in the absence of express statutory language declaring the priority: See People v. Denver, 85 Colo. 61, 273 P. 883; City Real Estate, Inc. v. Sullivan, 116 Colo. 169, 180 P.2d 504; Gifford v. Calloway, 8 Colo.App. 359, 46 P. 626; City and County of Denver v. Armstrong, 105 Colo. 290, 97 P.2d 448.

In People v. Denver, supra, the Court recognized a lien created by the Assembly in favor of gasoline taxes. The statute there granted a priority. The conflicting claim was for personal property taxes. It is noteworthy that the term "perpetual" was there held not significant on the issue of existence of a priority. In City Real Estate, Inc., supra, the Court recognized a real estate tax lien and refused to recognize a lien created by special assessment. This decision was based on the declaration of priority in the statute. In the Armstrong case the conflict was between a lien for sales taxes and that for personal property taxes. Here again, the specific language of the statute creating such a lien controlled. Gifford, supra, denied a demand that a personal property tax lien attaches to real property. The Court did not decide whether a personal property tax lien generally attaches to real estate but simply held that the antecedent mortgage would have priority even if there were such a lien.

Storke and Sears' Colorado Security Law, section 25, page 98, comments on the Gifford case, and takes the position expounded in the decisions, that a lien is a creature of statute and that the statutory language must be specific. Consequently, unless the term "perpetu-

al" can be held to carry some force in terms of creating a priority, it is impossible to conclude that the tax lien here in question, which is subsequent in time, can prevail over a valid, antecedent chattel mortgage. This term can not be so construed.

Finally, the defendant contends that McGuire v. Schwartz, 101 Colo. 310, 73 P.2d 389, governs. There, property had been pledged to the defendant Schwartz on September 5, 1934. He did not perfect his title until April 25, 1937. In the meantime, on December 29, 1936, the assessor discovered that the property in question, which was jewelry, had been omitted from the tax rolls. He thereupon listed, valued and extended this property on the assessment rolls for the years 1933 through 1936. In an action to force payment of the taxes, the Supreme Court held that the defendant was responsible for the taxes for the entire period.

On the basis that the McGuire opinion mentioned a mortgage as a comparable problem the defendants maintain that the principle applied in the McGuire case is applicable here. However, the instant problem is substantially different. There the question was whether property which had been overlooked from 1933 to 1937 was nevertheless subject to assessment pursuant to C.R.S.1953, 137–1–3, which authorized such treatment of property which had been omitted from the tax rolls. The cited statutory provision was the real basis for the court's decision. It was not, therefore, a matter of whether an antecedent contractual lien was prior to a subsequent tax lien.

It is clear, therefore, that although the Assembly has the power to declare that a tax lien shall be preferred, it must do so by express provision; otherwise, priority in time will determine.

It is concluded that judgment should be, and the same is hereby entered in favor of the plaintiff and against the defendants, in the amount of $203.69.